HASBROUCK *v.* ANGEVINE *et al.*

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

1. ESTATES—MERGER—LEGAL AND EQUITABLE ESTATES.

　　The beneficiaries of a charge upon land of which their sister's husband was seized in fee released the same during the joint lives of husband and wife, and settled it upon her and her heirs in the event of her surviving him. She being the mother of one son, sole issue of their marriage, became, by devise from her husband, in 1853, seized of the incumbered estate in trust for said son for life, then to his lawful issue, and on default thereof with power of appointment by will. Under this devise, mother and son possessed the land until their death; she dying in 1869,

and he, intestate and childless, in 1887. The will of the husband and father recognized the existence of the charge, and treated it as valid. *Held*, that said charge did not merge with the legal title when the same became vested in the mother, and that the possession of mother was not adverse to the lien of said charge.

2. LIMITATION OF ACTIONS—RUNNING OF STATUTE—ACTION TO ENFORCE LIEN.

In such case, the statute of limitations did not begin to run against an action to foreclose the lien of such charge until after the death of the son.

Appeal from special term, Dutchess county; JOSEPH F. BARNARD, Justice.

Joseph Burroughs died in 1838, devising a farm to Nathan Jones, his son-in-law, "subject to and charged with the payment of $723 to his executors one year after his decease, to be added to and go to increase testator's personal estate for the payment of legacies, and for final distribution under the residuary clause." The residuary legatees were the testator's three sons, Francis, Charles, and Joseph Burroughs; the first two being the executors of the will. In 1840 the residuary legatees released their right to said charge during the joint lives of Nathan Jones and Susan Jones, his wife, she being their sister, and settled the charge upon her and her heirs in the event of her surviving her husband. In 1853, Nathan Jones died, leaving a will made in 1846, whereby he referred to said charge as a lien on the land, treating it as valid; and devised the land to his wife, Susan Jones, in trust for his son, Joseph Jones, also son of Susan Jones, and upon his death without lawful issue with power of appointment by will. During all the time from the death of Nathan Jones to that of Susan Jones, in 1869, the premises were occupied by the mother and son, and, upon her death, by Joseph Jones, until, in 1887, he died intestate without issue. This action was instituted by Frank Hasbrouck, trustee under the will of Susan Jones, and also trustee under the will of Nathan Jones, succeeding to the duties of Susan Jones by surrogate appointment, against the heirs of Nathan Jones, his grandchildren by the daughter of a former marriage, Susan Jones having been his second wife, to foreclose the lien for said sum of $723 upon said land. The defense set up by the heirs, Frank Angevine and Mary Caroline Angevine, was that, the lien becoming the property of Susan Jones and Joseph Jones successively, who became also vested with title to the land, a merger occurred, and the lien was thus annihilated. They also relied upon the statute of limitations. Judgment for plaintiff, and defendants appealed.

*J. S. Van Cleef*, for appellants.   *Benjamin F. Fowler*, for respondent.

PRATT, J. Upon the facts as found, the judgment is amply sustained. There is no certificate that all the evidence given upon the trial is all refuted, and hence, even if there was a substantial dispute as to the facts, this court is at liberty to presume that there was evidence sufficient to sustain the findings. The charge of $723 upon the farm devised to Nathan Jones was recognized by him in his will, which took effect March 8, 1853, and Susan Jones, under this last-named will, took the farm in trust and subject to this lien, so that until the death of Susan Jones, in 1869, she united in her own person the absolute ownership in her own right of the $723 charge, and the legal fee of the land as trustee for Joseph and herself. So long as this state of things continued, there could be no merger of the lien, and no adverse possession of the land as against this $723 charge or lien. Under these circumstances, we do not think the charge became a formal claim against a devisee so as to fall within the principle laid down in *Loder* v. *Hatfield*, 71 N. Y. 92, and therefore it is not barred by the statute of limitations. The statute did not run up to the death of Nathan Jones, as a credit was given, without interest, during his life, and his will made it a new charge upon the real estate left by him. The charge continued a trust fund until the death of Joseph Jones in 1882, and therefore is not barred. This is the only question necessary to be determined upon that appeal.