Argued 18 December, 1900; decided 14 January, 1901.

## DEKUM *v.* MULTNOMAH COUNTY.

[63 Pac. 496.]

Lien of Mortgage Taxes — Interest in Land.

1. Under the mortgage tax law of this state (Laws 1882, p. 64, and Laws 1891, p. 136), providing that mortgages on land or real property shall be assessed and taxed to the owners of such mortgages, a mortgage of real property conveys, for the purposes of assessment and taxation, an interest in such property that is subject to the lien of a tax levied on such debt and security, and such interest may be sold for the payment of any taxes due thereon in the same manner and with like effect as real property is sold for payment of taxes.

Idem.

2. Under the mortgage tax law of Oregon the execution of a mortgage divided the estate into two parts, the right to foreclose for the mortgage debt and the mortgagor's legal title, and these are assessed to their respective owners, and each may be sold for unpaid taxes against it.

Effect on Tax Lien of Releasing Mortgage.

3. Under the mortgage tax law of Oregon (Laws 1882, p. 64, and Laws 1891, p. 136), the lien of the tax on a mortgagee's interest in mortgaged premises was not discharged by a satisfaction of the mortgage, since such release was an equitable assignment to the mortgagor of the mortgagee's interest in the land, carrying with it the encumbrance of the lien for taxes.

From Multnomah: John B. Cleland, Judge.

Suit by Adolph A. Dekum and others against Multnomah County, under Section 504 of Hill's Ann. Laws, to determine an adverse claim to real property. The transcript shows that on December 8, 1890, one Frank Dekum, being the owner in fee of lots 1 and 2, in block 48, in the City of Portland, Oregon, gave a mortgage thereon to the German Savings & Loan Society to secure the sum of $150,000, and covenanted therein to pay all taxes that might be levied on the mortgage, which instrument was duly recorded in Multnomah County. The assessor of said county, in 1892, assessed said lots to Dekum, after exempting therefrom a sum

equal to the mortgage debt, and the taxes thereon were duly collected, but the taxes levied on the mortgage, amounting to $3,000.12, have not been paid. Dekum having died testate, the title and possession of said lots inured to plaintiffs, who on August 20, 1898, having paid said debt, secured a release of the mortgage, which was thereafter duly recorded. It is alleged in the complaint that the tax levied on the mortgage is claimed by the defendant to be a lien upon the land, and that such claim, though without foundation, is a menace to plaintiff's title, which they pray may be quieted. The answer avers that plaintiffs are not entitled to the relief demanded, for that neither they nor their ancestor complied with the covenant to pay the taxes levied on the mortgage. The cause, being at issue, was duly tried, resulting in a decree dismissing the suit, and plaintiffs appeal.     AFFIRMED.

For appellants there was an oral argument by *Messrs. E. B. Scabrook, Wm. A. Munly* and *John K. Kollock,* and with them on the brief were *Messrs. J. Thorburn Ross* and *Wm. M. Gregory.*

A mortgage tax is not a lien upon the mortgaged land. The word "security," as used in the Mortgage Tax Law, is synonymous with "instrument to secure a debt," and does not mean land: Sections 2730, 2735, 2736, 2737, 2754, 2755, Hill's Code, and Section 2755 said Code as amended Laws 1891, p. 136; *Mumford* v. *Sewall,* 11 Or. 69 (50 Am. Rep. 462, 4 Pac. 585).

A mortgage does not operate to transfer the title to land, but merely creates a lien thereon, a right to sell the same for the debt: *Anderson* v. *Baxter,* 4 Or. 105; *Sellwood* v. *Gray,* 11 Or. 536, 537 (5 Pac. 196); *Watson* v. *Dundee Mtg. Co.,* 12 Or. 474, 480 (8 Pac. 548).

A release and discharge by the party to the agreement will operate to discharge and cancel the covenant and promise

for the benefit of the stranger : *Biddle* v. *Brizzolara,* 64 Cal. 357 (30 Pac. 609) ; 2 Spence, Eq. Jur. 280; *Crowell* v. *Hospital,* 27 N. J. Eq. 650.

The remedy provided by statute for the collection of taxes is exclusive, unless other remedies are expressly authorized: 25 Am. & Eng. Enc. Law (1 ed.), 298; *Raynsford* v. *Phelps,* 43 Mich. 342 (38 Am. Rep. 189) ; *Johnston* v. *Louisville,* 11 Bush (Ky.), 527.

For respondent there was an oral argument by *Messrs. Martin L. Pipes* and *Alex Bernstein,* and with them on the brief were *Messrs. D. Solis Cohen* and *A. P. Tifft.*

The tax upon the mortgage is a lien upon the interest in the real property created by the mortgage : Mortgage Tax Law, Laws 1882, p. 64; *Savings & Loan Society* v. *Multnomah County,* 169 U. S. 421 (18 Sup. Ct. 392).

For the purposes of taxation, the mortgage creates an interest in the real property : Laws 1882, p. 64; *Savings & Loan Society* v. *Multnomah County,* 169 U. S. 421 (18 Sup. Ct. 392).

The cancellation and satisfaction of the mortgage conveys the interest created by the mortgage to the mortgagor, and increases his estate to that extent, for the purposes of taxation, such conveyance being subject to the mortgage tax: *Savings & Loan Society* v. *Multnomah County,* 169 U. S. 421 (18 Sup. Ct. 392) ; *McChoppin* v. *McCartney,* 60 Cal. 367.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

The question presented for consideration is whether a mortgage of real property given to secure the payment of a debt conveys, for the purposes of assessment and taxation, any interest in the premises affected thereby that may become subject to the lien of a tax levied on a debt and security, and,

if so, does a satisfaction of the mortgage discharge an exist-
ing lien for such taxes? A mortgage of real property is not
to be deemed a conveyance so as to enable the owner of the
mortgage to recover the possession of the land without a
foreclosure and sale according to law: Hill's Ann. Laws,
§ 326. The rule is well settled in this state that a mortgage
of real property does not convey, as at common law, an es-
tate therein upon condition, but creates only a mere lien or
incumbrance thereon: *Anderson* v. *Baxter,* 4 Or. 105; *Ren-
shaw* v. *Taylor,* 7 Or. 315; *Sellwood* v. *Gray.* 11 Or. 534
(5 Pac. 196); *Thompson* v. *Marshall,* 21 Or. 171 (27 Pac.
957); *Adair* v. *Adair,* 22 Or. 115 (29 Pac. 193); *Marx* v.
*La Rocque,* 27 Or. 45 (39 Pac. 401). It has also been held
that a promissory note was the substance, and a mortgage of
land given as security therefor the shadow, so that an assign-
ment of the evidence of the debt necessarily carried the mort-
gage with it, without any formal transfer: *Bamberger* v.
*Geiser,* 24 Or. 203 (33 Pac. 609). In the light of the de-
cisions to which attention has been called, we will examine
the provisions of the statute known as the "Mortgage Tax
Law" (Laws 1882, p. 64; Laws 1891, p. 136), which were
in force in 1892, when the tax on the mortgage in question
was levied, but have since been repealed: Laws 1893, p. 6.
The statute, so far as deemed applicable herein, is as follows:
"And a mortgage * * * whereby land or real prop-
erty * * * is made security for the payment of a debt,
together with such debt, shall, for the purposes of assessment
and taxation, be deemed and treated as land or real prop-
erty": Hill's Ann. Laws, § 2730. "And * * * shall
be assessed and taxed to the owner of such security and debt
in the county * * * in which the land or real property
affected by such security is situated. The taxes so assessed
and levied on such security and debt shall be a lien thereon,
and the debt, together with the security, may be sold for the
payment of any taxes due thereon, in the same manner and

with like effect that real property or land is sold for the payment of taxes": Hill's Ann. Laws, § 2735. "And in all cases the assessor shall assess such debt and security for the full amount of such debt that appears from the record of such security to be owing, unless in the judgment of the assessor the land or real property by which such debt is secured is not worth as many dollars as still appear unpaid of such debt, and then in that case he shall assess such debt and security at whatever sum he thinks to be their real cash value": Hill's Ann. Laws, § 2737. "It shall be the duty of the assessor to deduct the amount of indebtedness within the state, of any person assessed, from the amount of his or her taxable property": Hill's Ann. Laws, § 2752. "A debt secured by land or real property   *   *   *   shall, for the purpose of taxation, be deemed and considered an indebtedness within this state, and the person or persons owing such debt shall be entitled to deduct the same from his or their assessments in the same manner that other indebtedness within the state is deducted": Hill's Ann. Laws, § 2753. "No promissory note or other instrument of writing which is the evidence of a debt that is wholly or partially secured by land or real property   *   *   *   shall be taxed for any purpose in this state": Hill's Ann. Laws, § 2754.

1.   The ease with which promissory notes secured by mortgages could be removed from the state, prior to the enactment of the mortgage tax law, and the evident desire of foreign owners of such property to escape taxation thereon, to the detriment of resident money loaners, rebuts any inference that the taxes imposed upon the debt and security could ever have been intended as a lien upon the mortgage and notes secured thereby, as mere evidences of indebtedness, in the nature of a common-law lien, to secure a general balance due an attorney upon a bond and mortgage left with him by his client for foreclosure, because such lien was predicated

38 OR.—17.

upon, and existed only while the attorney retained, posses-
sion of the choses in action: 1 Jones, Liens (2 ed.), § 113;
*Bowling Green Sav. Bank* v. *Todd,* 52 N. Y. 489. The ex-
emption from taxation of a promissory note secured by a
mortgage of land tends to show that it was the intention of ·
the legislative assembly not to treat the evidence of the debt,
and the mortgage, which is an incident thereof, as a chose
in action, but to regard the mortgage as transferring an in-
terest in the land itself, commensurate with the debt due
from the mortgagor, as shown by the mortgage record. And
the exemption allowed the mortgagor from his assessment of
real property of a sum equal to the debt secured thereon, and
providing for the assessment of such debt and mortgage as
land, furnished a method of avoiding a double taxation of
real property, and evinced a legislative intention to segregate
the mortgagor's estate in the premises into a fee, represented
by the equity of redemption, and the mortgagee's interest in,
or incumbrance upon, the land, in the nature of an artificial
estate; and, as the fee estate and mortgagee's interest are as-
sessed to the owners thereof, respectively, such fee or interest
upon which the tax is levied may be sold for the nonpayment
thereof. The legislative assembly, by treating the debt and
security as land, to be taxed in the county in which the real
property affected by the mortgage is situated, gave to the
debt and security a situs; thereby changing, for the purposes
of assessment and taxation, the theory adopted by this court
that a mortgage on real property was a mere incident, which
necessarily followed a promissory note secured thereby, when
the holder of the note placed it beyond the taxing power of
the state by removing therefrom. The mortgage tax law,
when considered in its entirety, induces the belief that the
legislative assembly intended that though the evidence of the
debt, and the mortgage which is its incident, may pass be-
yond the boundaries of the state, the debt and the lien cre-
ated by the execution of the mortgage still remain *(Mumford*

v. *Sewall*, 11 Or. 67, 4 Pac. 585, 50 Am. Rep. 462), and are taxable as land in the county in which the real property affected by the mortgage is situated, and the tax levied thereon is, by the express provisions of the statute, impressed as a lien on the mortgagee's interest in or incumbrance upon the premises which may be sold for the payment of any taxes due thereon, in the same manner and with like effect that real property or land is sold for the payment of taxes.

2.   Nor do we think the description of the debt and mortgage contained in the abstract of unsatisfied instruments, furnished by the recorder of conveyances or county clerk to the assessor, and which forms the basis of the assessment, and is presumably copied into the assessment roll, insufficient to create a lien on the mortgagee's interest in the real property affected by the mortgage, because only "a brief description of the property contained therein, to wit, the range, township, and section in which it is situated," is required (Hill's Ann. Laws, § 2755, subd. 4) ; for an observance of the other subdivisions of that section would enable a competent person, by inspecting the book and page where the mortgage is recorded and to which reference is made, to identify and locate the real property subject to the lien of the mortgage, upon which incumbrance the tax lien is impressed, and, in the absence of a statute requiring a more specific description of the property assessed, the means indicated is sufficient for identification if the record to which attention is called affords adequate information upon the subject:   1 Blackwell, Tax Titles (5 ed.), § 241; *Law* v. *People,* 80 Ill. 268; *Fowler* v. *People,* 93 Ill. 116; *Sloan* v. *Sewell,* 81 Ind. 180; *Adams* v. *Larrabee,* 46 Me. 516; *Inhabitants of Orono* v. *Veazie,* 61 Me. 431).   In *Savings & Loan Soc.* v. *Multnomah Co.,* 169 U. S. 421 (18 Sup. Ct. 392), in construing the mortgage tax law of this state, it was held that a mortgage of land given to secure the payment of a debt conveyed an interest in the premises thereby incumbered. Mr. Justice GRAY,

speaking for the court upon this subject, says: "Taking all the provisions of the statute into consideration, its clear intent and effect are as follows: The personal obligation of the mortgagor to the mortgagee is not taxed at all. The mortgage and the debt secured thereby are taxed, as real estate, to the mortgagee, not beyond their real cash value, and only so far as they represent an interest in the real estate mortgaged. * * * The result is that nothing is taxed but the real estate mortgaged, the interest of the mortgagee therein being taxed to him, and the rest to the mortgagor."

3. The tax impressed upon the debt and security being a lien upon the mortgagee's interest in the real property subjected thereto, a release of the mortgage would necessarily reinvest the original estate in the mortgagor, unless the tax levied on the debt and security had not been paid; and it remains to be seen whether the lien thereof is discharged by canceling the incumbrance or foundation upon which it rests. When the release of a mortgage is made to a party whose duty it was to pay the debt, and there are no supervening equities by which a merger of the estate and interest would defeat the rights of either party to the contract, such release will generally operate as a discharge, and not as an assignment of the mortgage: 1 Jones, Mortg. (4 ed.), § 858. A nonmerger of such estate and interest will be decreed in equity, however, when a union thereof would be contrary to the intention of the parties, subversive of their interests, or would defeat the demands of justice: *Watson* v. *Dundee Mtg. Co.*, 12 Or. 474 (8 Pac. 548); *Title Guarantee Co.* v. *Wrenn*, 35 Or. 62 (76 Am. St. Rep. 454, 56 Pac. 271); *James* v. *Morey*, 2 Cow. 246 (14 Am. Dec. 475); *Franklin* v. *Hayward*, 61 How. Prac. 43; *Gardner* v. *Astor*, 3 Johns. Ch. 53 (8 Am. Dec. 465); *Sheldon* v. *Edwards*, 35 N. Y. 279; *Hutchins* v. *King*, 68 U. S. (1 Wall.), 53; *Hitchcock* v. *Nixon*, 16 Wash. 281 (47 Pac. 412); *Roberts* v. *Jackson*, 1 Wend. 478.

A court of equity will not permit the conveyance to a reversioner of a life estate burdened with a lien to merge such estate into the fee, when by doing so it would defeat the charge impressed thereon: 15 Am. & Eng. Enc. Law (1 ed.), 315; *Hasbrouck* v. *Angevine,* 1 N. Y. Supp. 789; *Browne* v. *Rockover,* 84 Va. 424 (4 S. E. 745). Upon the principle thus announced, the lien of the tax levied on the debt and security having attached to the mortgagee's interest in the premises prior to the release of the mortgage, the demands of justice ought not to be frustrated by permitting the cancellation of the incumbrance to merge such interest in the fee so as to defeat such lien; for to do so would frustrate the object of the mortgage tax law, by compelling the county to pay the state taxes levied on the debt and security without receiving any portion thereof from the person whose duty it was to pay the same, thus imposing upon other taxpayers an additional burden not intended by the act. If a release of the mortgage discharged the lien of the taxes impressed upon the debt and security, the collection of the tax could be defeated by cancéling the mortgage for the sole purpose of renewing the debt and security. The plaintiffs having secûred no greater interest than the German Savings & Loan Society had in the premises, the release of the mortgage was an equitable assignment thereof, which leaves the mortgagee's interest still subject to the lien of the taxes, and hence it follows that the decree is affirmed.          AFFIRMED.