Argued January 28, decided February 11, 1908.

## MULTNOMAH COUNTY *v.* DEKUM.

[93 Pac. 821.]

COMPROMISE AND SETTLEMENT—FRAUD—INFORMATION—DUTY TO DISCLOSE.

1. Where there is no relation of trust or confidence existing between the parties to a compromise, which would impose on one an obligation to give full information, and no artifice or fraud is employed to lull the other to repose, he cannot omit all investigation, and then complain that the former did not volunteer information he possessed, which, if disclosed, would have prevented the settlement.

SAME—RECORD—NOTICE.

2. Where a county was a party to a suit to remove certain tax titles as a cloud on title, it was bound by the record, and charged with notice that a decree dismissing the suit had been affirmed on appeal, prior to the execution of a compromise.

COUNTIES — TAXATION — SALES — DELINQUENT TAXES — COMPROMISE BY COUNTY.

3. When property charged with delinquent taxes was sold on foreclosure of the tax lien to the county, the county officers had power to effect a valid compromise and settlement with the taxpayers by which a portion of the taxes were remitted.

COMPROMISE AND SETTLEMENT—VACATION—FRAUD.

4. Certain property belonging to a trustee was sold to the county for unpaid taxes. The trustee and the heirs sued the county to cancel the tax certificates as a cloud on title. This suit was dismissed and the decree affirmed on appeal, after which the trustee filed a petition in the county court, alleging that the taxes were invalid and offering a compromise, which the county court accepted. The county thereafter filed a complaint to set aside such compromise, alleging that the trustee did not inform the county court that the decree in the prior suit had been affirmed, and that the assessments were valid, that the taxes were legally imposed, and that the order setting aside the tax sales was void. *Held* that, as the trustee was under no obligation to impart to the county court information that the decree had been affirmed, and the complaint failed to allege any fraud in the settlement, it did not state a cause of action.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by Multnomah County against Adolph A. Dekum, as trustee under the last will and testament

of Frank Dekum, deceased, and others, to set aside a compromise and settlement, whereby certain tax certificates were, upon the payment of a part of the money due thereon, canceled of record and surrendered. The facts are that the heirs at law of the deceased are the owners in fee of lots 1 and 2 in block 48, lots 3 and 4 in block 38, and lot 5 in block 18 of the City of Portland, and also lot 1 and the south half of lot 4 in block 10, in Couch's addition to that city. This property was mortgaged, and the incumbrances were assessed in 1892 to the defendants, as follows:

"The Hartford Fire Insurance Company, lot 1, and the south half of lot 4 in block 10, in such addition, and lot 5 in block 18, in the city, and taxed to the amount of $975; German Savings and Loan Society, mtge. lot 1, 2, block 48, lot 34, block 38, Dekum, Frank, total tax, $2,921.65."

These taxes not having been paid, the property assessed therefor was sold May 13, 1899, to the county, which received from the sheriff tax certificates therefor. The trustee and the heirs, asserting that such sales clouded the title to lots 1 and 2 in block 48 in Portland, commenced a suit against the county to remove the outstanding claim, alleging that the tax imposed on the incumbrance on the premises was invalid, because the debt had been paid, the lien discharged, and the statute authorizing the taxation of mortgages repealed. Such proceedings were had that the suit was dismissed and the decree affirmed on appeal: *Dekum* v. *Multnomah County,* 38 Or. 253 (63 Pac. 496). A mandate having been sent down, entry was made of it in the lower court in March, 1901; and the decree remains in full force.

The trustee thereafter filed in the county court of that county a petition, which set forth the real property first hereinbefore described, the assessment and taxation of the mortgages, as stated, and the assertion that he believed these taxes were invalid because the mortgages

were not assessed to the holders thereof, and that there was no tract of land in block 38 of the City of Portland designated as lot number "34"; but that it should have been described as lots 3 and 4 in that block; that in 1895 the county recognized such infirmities by not attempting the collection of the taxes, but in 1899, when an alias writ was issued, the description of the premises was amended without legal authority; that, as a compromise and settlement, and to avoid the expense of litigation, the trustee offered to pay the sum of $975 in full satisfaction of the entire taxes claimed, provided the tax certificates, issued for the property, were canceled of record and surrendered to him. The county court, sitting for the transaction of county business, July 16, 1901, accepted the offer thus made, and upon the payment of the money proposed, complied with the terms of the petition; but on May 27, 1903, that court made another order intending to annul such cancellation and surrender, and to effectuate the latter determination this suit was instituted.

The complaint sets forth the facts, in substance, as hereinbefore stated, and avers that lots 1 and 2, in block 48, in the City of Portland, constitute the identical property, and the mortgage tax imposed thereon to the German Savings & Loan Society is the same incumbrance described in the suit to remove the alleged cloud from the title; that the trustee did not inform the county court that the decree in that suit had been affirmed; that it is not true that the assessments of either of the mortgages is invalid; that the plaintiff elects to apply the payment of $975 on account of the taxes mentioned; that in 1892 the mortgages were severally owned and held by the defendant corporations, and the taxes specified were duly imposed; that the order of the county court setting aside the tax sales is void and the entries of such sales in the records thereof remains in full force and effect, but, by reason of the apparent release, the plaintiff is precluded

from realizing anything upon such securities; and that the county had no plain, speedy or adequate remedy at law.

A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit, having been overruled and the defendants declining further to plead, the relief prayed for by the plaintiff was granted, from which decree the defendants appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. P. L. Willis.*

For respondent there was a brief over the names of *Mr. John Manning,* District Attorney, and *Mr. Charles H. Carey,* with an oral argument by *Mr. Harrison Allen.*

MR. JUSTICE MOORE delivered the opinion of the court.

The complaint herein does not allege any fraud or misrepresentation as a basis for setting aside the compromise and settlement. Neither does it aver that such agreement was not made in good faith, unless concealment can be inferred from the statement that the trustee did not inform the county court that the decree rendered in the case of *Dekum* v. *Multnomah County,* 38 Or. 253 (63 Pac. 496) had been affirmed.

The doctrine once prevailed that the failure of a party to a contract to disclose every material fact of which he knew the adverse party was ignorant, although such actuality was equally within the observation or reach of both parties, would afford sufficient equitable grounds for rescinding an agreement that was consummated by means of the concealment: Pom. Eq. § 850. This precept is modified to some extent by a text-writer, who, discussing the question, says:

"As a general rule, each party is bound to communicate to the other his knowledge of material facts, provided he knows the other to be ignorant of them, and they be not open and naked, or equally within the reach of his observation": 2 Kent, Com. *482.

In a note to this excerpt, appearing in Lacy's edition to the works of this noted author, it is stated:

"The rule here laid down, though one undoubtedly of moral obligation, is perhaps too broadly stated to be sustained by the practical doctrine of the courts. The qualification of the rule is that the party in possession of the facts must be under some special obligation, by confidence reposed or otherwise to communicate them truly and fairly."

1. The more modern rule is that when there is no relation of trust or confidence existing between the parties to a compromise and settlement, which would impose upon one an obligation to give full information, and no artifice for a fraudulent purpose is employed which would lull the other to repose, he cannot proceed blindly, omitting all inquiry and investigation, and then complain that the former did not volunteer to give the information which he possessed: 8 Cyc. 525; *Dambmann* v. *Schulting,* 75 N. Y. 55; *Graham* v. *Meyer,* 99 N. Y. 611 (1 N. E. 143) ; *Cleveland* v. *Richardson,* 132 U. S. 318 (10 Sup. Ct. 100: 33 L. Ed. 384). Tested by this rule, the complaint in the case at bar does not show that any fiduciary relation existed between the parties hereto at the time the compromise and settlement were reached, nor does 'that pleading negative in any manner a want of knowledge on the part of the county court that the decree rendered in the case of *Dekum* v. *Multnomah County,* 38 Or. 253 (63 Pac. 496) had been affirmed.

2. The county, however, was a party to that suit; and hence it knew what decree had been rendered therein, and was bound by the record.

3. The complaint was undoubtedly framed on the assumption that the officers of a municipal corporation were powerless to effect a valid compromise and settlement whereby any part of a burden, represented by certificates issued to a county on account of the sale of property for delinquent taxes, could be remitted.

4. This question having been settled adversely to such theory (*Multnomah County* v. *Title Guarantee & Trust Co.* 46 Or. 523: 80 Pac. 409), the only ground, therefore, on which a decree for the plaintiff could be based, is the alleged failure of the trustee to impart the information which he possessed, and that is insufficient.

It is unnecessary, in view of the conclusion reached, to consider whether or not the plaintiff can retain the money paid, which affords a valuable consideration for the compromise and settlement, and seek a rescission.

An error having been committed by the trial court, the decree is reversed, and the cause remanded with directions to sustain the demurrer.        REVERSED.

---

Decided December 31, 1907, rehearing denied February 11, 1908.