IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

KAH PROPERTIES, LLC,   )
          )
   Plaintiff,    ) TC-MD 200284G
          )
  v.        )
          )
COOS COUNTY ASSESSOR,  )
          ) **ORDER GRANTING DEFENDANT'S**
   Defendant.   ) **MOTION TO DISMISS**

This matter came before the court on Defendant's motion to dismiss Plaintiff's Complaint. Plaintiff's Complaint requests the court waive or reduce interest on delinquent real property taxes. Defendant alleges this court lacks authority to grant the requested relief.

## I. STATEMENT OF FACTS

The relevant facts are briefly stated. In May 2020, Plaintiff paid delinquent taxes for 2019–20 and 2018–19 on the subject residential property. As alleged in the Complaint, Plaintiff acquired the subject in May 2019, unaware that a 2018–19 tax assessment was outstanding. Plaintiff further alleges that it never received the subject's 2019–20 tax statement, an assertion that is disputed by Defendant. Plaintiff states it is a "first time offender," that it has never before owned property in Oregon, and that it will henceforth pay all taxes by their deadlines.

## II. ANALYSIS

Defendant summarizes its motion to dismiss as follows:

> "Defendant requests the Court to dismiss Plaintiff's complaint as the Tax Court does not have the statutory authority to waive or reduce interest resulting from the late payment of property taxes. Additionally, this Court does not have authority to hear an appeal regarding the waver of interest."

Restated more formally, Defendant's claim is that (1) Plaintiff has not alleged facts constituting a claim for which relief may be granted and (2) this court lacks jurisdiction to hear an appeal

regarding a waiver of interest. *Cf. Work v. Dept. of Rev.*, 22 OTR 396, 397 (2017), *aff'd*, 363 Or 745, 429 P3d 375 (2018) (distinguishing those two bases for dismissing a complaint).

A.     *Jurisdiction*

In asserting that the court lacks statutory authority to hear an appeal concerning waiver of interest for delinquent taxes, Defendant challenges the court's subject-matter jurisdiction over Plaintiff's appeal.

The Oregon Tax Court's jurisdiction extends to "the hearing and determination of all questions of law and fact arising under the tax laws of this state." ORS 305.410(1).[1]  Questions "arising under" a tax law are those that "must be resolved in order to decide taxability or the amount of tax." *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983).  The *Sanok* court's use of the phrase "amount of tax" does not exclude penalty and interest, which were not at issue in that case.  To the contrary, the Tax Court has explicit authority to waive penalties for late-filed personal property returns for good and sufficient cause.  ORS 305.422.

Generally, persons who are "aggrieved by and affected by an act, omission, order or determination" of a tax collector or other taxing authority may appeal to this court if they have no other statutory right of appeal for their grievance.  ORS 305.275(1).  Where a claim satisfies ORS 305.275 and "the legislature has not expressly pointed to any other court, other than the Tax Court, to deal with the rights" at issue, this court has jurisdiction.  *Christensen v. Dept. of Rev.*, 22 OTR 384, 389–91 (2017) (holding Tax Court has jurisdiction over claim under ORS 305.890 regarding conditional right to installment agreement).

Here, Plaintiff seeks relief from interest charged on delinquent real property taxes.  That interest is included in Plaintiff's total assessment—broadly speaking, it is part of the "amount of

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

tax." *Cf. Sanok*, 294 Or at 697. Because that interest was imposed by the tax collector under ORS 311.505(2), Plaintiff is aggrieved by the tax collector's action. *See* ORS 305.275(1). The parties have not identified, and the court is not aware of, any statute giving Plaintiff a right of appeal to another court. *See id.*

Defendant refers the court to ORS 308.295(5)(c), which forbids appeal from a board of property tax appeals' determination of whether to waive penalty. However, ORS 308.295(5)(c) is not applicable because it is interest, not penalty that is at issue here.

Because Plaintiff's claim satisfies ORS 305.275 and there is no countervailing statute, this court has subject-matter jurisdiction. *Cf. Christensen*, 22 OTR at 390. Having jurisdiction means the court may hear Plaintiff's appeal and determine whether relief is warranted under the law. It does not imply that the law provides for interest waiver under these or any other circumstances; that is a separate question.

B.     *Claim for which Relief may be Granted*

Defendant asserts there is no statutory authority to waive interest on late real property taxes. In response, Plaintiff alleges authority for interest waiver under ORS 308.030, ORS 311.785, and the court's equitable powers.

1.     *ORS 308.030*

ORS 308.030 provides for assessment of a delinquency penalty by the Department of Revenue. Under ORS 308.030(4)(a), "a taxpayer may file an application with the department to waive or reduce the penalty." The Department of Revenue may determine whether to waive or reduce the penalty according to its administrative rules, "and no appeal may be taken from the determination." ORS 308.030(4)(a).

ORS 308.030 is inapplicable here. Firstly, ORS 308.030 authorizes action by the

Department of Revenue, not the Tax Court. Secondly, ORS 308.030 authorizes waiver or reduction of penalty, not interest. Because Plaintiff's Complaint seeks relief from the court rather than the Department of Revenue, and because Plaintiff seeks relief from interest rather than a penalty, the provisions of ORS 308.030 have no bearing on the facts of this case.

2.      ORS 311.785

Plaintiff argues that ORS 311.785 implies the Tax Court has power to waive interest. ORS 311.785 states:

> "Except as may be specifically provided by law, no county court shall have authority to compromise any tax or taxes levied and charged on the tax roll of any year, or to abate interest or other lawful charges thereon, except where litigation involving the validity of such tax or taxes is pending or seriously threatened and there is a grave legal question as to such validity."

Plaintiff reasons that by generally restricting the county courts'—but not the Tax Court's—ability to waive interest, the legislature leaves unrestricted a similar ability belonging to the Tax Court.

The county court is an intriguing institution, which once exercised a dual judicial and administrative role in counties across the state. Where it still exists and is not otherwise modified, it consists of a county judge and two county commissioners. ORS 203.111. Its judicial role is provided for by the Oregon Constitution alongside that of the Supreme Court and the circuit courts. Or Const Art VII (Original), § 1. In their judicial capacity, county courts are under the "supervisory control" of the circuit courts and may have jurisdiction over probate, boards of county commissioners, and minor civil and criminal matters. *Id*., §§ 9, 12. However, only six of Oregon's 36 counties have county judges that retain any judicial authority.[2] In Coos

---

[2] Oregon Blue Book, Oregon Secretary of State, *County Courts*, https://sos.oregon.gov/blue-book/Pages/state/judicial/county-courts.aspx (last visited Dec. 10, 2020).

County, the legislature has transferred all judicial authority of the county court to the circuit courts, excepting only authority "in the transaction of county business." ORS 3.130(1).

The transaction of county business is the duty of county courts serving as the county's "governing body," in which capacity they "exercise general legislative authority over all matters of county concern." ORS 203.111. That is Oregon's default system of county governance. *See id.* Counties may change their governing body by charter, pursuant to Article VI, section 10, of the Oregon Constitution and ORS 203.710 to 203.810. In addition, non-charter counties whose county judges lack judicial functions are specifically authorized to "transfer all powers and duties of the county court and county judge to the board of county commissioners[.]" ORS 203.230. "When a county has established a board of county commissioners any reference in the statutes to the county court of that county shall be considered a reference to the board of county commissioners of the county." ORS 203.240.[3]

The court takes judicial notice that Coos County has established a board of county commissioners.[4]

The statute now codified as ORS 311.785 clarifies the rule announced in *Jackson County v. Ulrich*, 118 Or 47, 244 P 535 (1926). *See* 18 Op Atty Gen 695 (1938). In *Ulrich*, our Supreme Court considered whether a county court, "sitting for the transaction of county

---

[3] While a survey of county government permutations is beyond the scope of this order, descriptions of county government forms in Oregon imply that any remaining distinction between boards of county commissioners and nonjudicial county courts is nominal. *See*, *e.g.*, Tollenaar and Associates, Association of Oregon Counties, *County Home Rule in Oregon* (June 2005), accessed at https://www.oregon.gov/oha/PH/DISEASESCONDITIONS/CHRONICDISEASE/HPCDPCONNECTION/Documents/TA/policy_change_resources/county_home_rule_paper.pdf, p. 121 (describing "commission form" of government as calling for "three-member county court or board of county commissioners"); *cf.* Oregon Blue Book, Oregon Secretary of State, *County Courts*, https://sos.oregon.gov/blue-book/Pages/state/judicial/county-courts.aspx (last visited Dec. 10, 2020) ("The title 'county judge' is retained in some counties as the title of the chair of the board of county commissioners").

[4] *See* Coos County Oregon, *Coos County Commissioners* (2018). http://www.co.coos.or.us/Departments/BoardofCommissioners.aspx (last visited Dec. 10, 2020).

business," had authority to compromise and settle a tax dispute before litigation commenced. 118 Or at 49–50. The court applied the principle that "[c]ounty commissioners, in transacting the business of the county, and in the care and management of its property and funds, do not act as a court, but as a financial or managing agent of the county[.]" *Multnomah County v. Title Guarantee & Trust Co.*, 80 P 409, 46 Or 523, 532 (1905), quoted by *Ulrich*, 118 Or at 53. In that nonjudicial capacity, county courts had a general power to transact county business that authorized them to avoid litigation costs by settling disputes, even before suit was filed. *Ulrich*, 118 Or at 51.

From the foregoing discussion, it is clear that ORS 311.785 does not imply any latent authority in the Tax Court to compromise the interest owed on a tax assessment. The "county court" of ORS 311.785 acts as a governing body, not a judicial one. As applied in Coos County today, the statute must be considered as referring to the board of commissioners and not to any court at all. *See* ORS 203.240. The Tax Court is not a governing body and has no authority to transact business on behalf of the various counties. Requests to compromise tax disputes should be directed elsewhere.

3. *Equitable powers*

Plaintiff asserts the court can grant the requested relief under its general equitable powers, independent of specific statutory authorization.

Equitable relief is available in this court. ORS 305.405(3). It is incumbent on litigants seeking such relief to present the court with authority for that relief in the form of statute or precedent. *See Patton v. Dept. of Rev.*, 18 OTR 111, 123 (2004) (denying claim for equitable recoupment where taxpayer did not present authority).

Plaintiff cites precedent to show that the court has equitable powers—*Dennehy v. City of*

*Gresham*, 12 OTR 194 (Or Tax 1992)—but that precedent does not speak to the question of whether the court's equitable powers extend to reducing assessed interest. In *Dennehy*, the court concluded that general principles of equity permitting other courts to award attorney fees in certain cases did not apply in the Tax Court because "the specialized jurisdiction of this court and the fact that the nature of its cases deal with money, as opposed to political rights, make it an exception to the general principles." 12 OTR at 199–201. *Dennehy* does not establish authority for this court to order the waiver of interest. If anything, the holding of *Dennehy* suggests this court's equitable powers are more circumscribed than other courts'.[5]

Apart from whether the court has authority to waive interest, it is not clear that Plaintiff would be entitled to such a waiver. Plaintiff alleges it deserves an interest waiver because it did not receive the subject's tax statement. Plaintiff acknowledges this court has previously dismissed cases where taxpayers sought relief on that ground, citing *Eng's Manufactured Homes v. Marion County Assessor*, 2007 WL 731389 (Or Tax M Div Feb 27, 2007). Plaintiff argues this case differs from *Eng's* in that Plaintiff kept its mailing address current with Defendant and is therefore not responsible for failing to receive the tax statement. In other words, Plaintiff has fulfilled its duty to keep the county assessor informed of its "true and correct address." ORS 311.555.

More generally, however, taxpayers have "a duty 'to keep themselves informed about the recurrent liability of their property for taxes.' " *Welch v. Washington County*, 314 Or 707, 718, 842 P2d 800 (1992) (quoting *Knapp v. Josephine County*, 192 Or 327, 353, 235 P2d 564 (1951)). Thus, failure to receive a tax statement does not excuse nonpayment of real property taxes. *See*

---

[5] *Dennehy* relies on precedent that has since been revisited by our Supreme Court. Determining whether the analysis in *Dennehy* remains valid is beyond the scope of this order.

ORS 311.250(2). Nor does it excuse failure to appeal to the board of property tax appeals. *Pliska v. Multnomah County Assessor*, TC–MD 000912E, WL 33233813 at *2 (Or Tax M Div Nov 9, 2000). In tax foreclosure proceedings, property owners are conclusively presumed to know that their property is assessed each year and that payment is due at a fixed time. ORS 312.216(1),(2). Knowing that taxes are assessed annually, property owners should investigate the contents of the tax roll when acquiring property or when a year passes without receipt of a tax statement.

Here, there is no indication that Plaintiff contacted Defendant to inquire about its tax liability at any time from its acquisition of the property in the 2018–19 tax year until after its deadline for payment of the 2019–20 taxes. Plaintiff did not keep itself informed about the subject's tax burden. *See Welch*, 314 Or at 718. Plaintiff, not Defendant, had the use of the money that was owing while the taxes were delinquent. Even assuming the court's equitable powers permitted it to waive interest—a point not established by the authority presented—Plaintiff's circumstances do not warrant such relief.

## III. CONCLUSION

The circumstances alleged by Plaintiff do not constitute a claim for which relief may be granted under the law. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS ORDERED that Defendant's motion to dismiss be and hereby is granted.

Plaintiff's Complaint is dismissed.

_____

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Magistrate Poul F. Lundgren and entered on December 10, 2020.*