Argued September 8, reversed September 21, 1915.

## STATE *v.* PERRY.

(151 Pac. 655.)

**Intoxicating Liquors—Offenses—Furnishing Liquor to Convicts.**

1. Under Laws of 1913, page 266, making it an offense to give, sell or furnish intoxicants to any person sentenced to serve a term in the penitentiary, the fact that defendant did not know the person to whom he was furnishing intoxicants was a convict is no defense; the crime being wholly statutory.

**Statutes—Construction—Title of Acts.**

2. Laws of 1913, page 266, is entitled an act to prevent the sale or furnishing of intoxicating liquors to any convict or prisoner in the state penitentiary. The body of the act makes it an offense to sell or furnish liquor to any person sentenced to serve, or serving, a term in the penitentiary. Article IV, Section 20, of the Constitution, provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. *Held* that, in view of the restrictive title of the act, it did not apply to paroled convicts not in the penitentiary, and it was no offense for one to furnish them with liquor.

[As to the constitutional requirement that a statute must embrace but one subject and that the title must express it, see note in 61 Am. Dec. 337.]

From Marion: PERCY R. KELLY, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

The defendant, Joe Perry, was indicted and convicted of furnishing intoxicating liquors to a convict sentenced to serve a term in the Oregon state penitentiary. It was conceded on the trial that David Snyder, the person to whom the liquor was supplied, had been sentenced to the penitentiary, but at the time the liquor was furnished was out under parole and doing business for himself in the City of Salem. The defendant offered to prove that he did not know that Snyder was a convict. This testimony was refused by the court, and exception taken.

The indictment was found under the provisions of Chapter 151, Laws of 1913. The title of the act is as follows, so far as it relates to this transaction:

"An act to prevent the barter, sale, trading, giving or furnishing of intoxicating liquors * * to any convict or prisoner in the Oregon state penitentiary. * * "

This act denounces a penalty upon the giving, selling or furnishing, or aiding in such selling, trading or giving to any person sentenced to serve or serving a term in the Oregon state penitentiary.        REVERSED.

For appellant there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Roy F. Shields.*

For the State there was a brief and an oral argument by *Mr. Ernest R. Ringo,* District Attorney.

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The defendant claims that the court erred in refusing to allow him to prove that he did not know that the person to whom the liquor was furnished was a convict. We cannot agree with this contention. This court has held in many cases that in purely statutory crimes, unless there is incorporated into the legislative definition of the offense the element of knowledge on the part of the defendant, the intent with which the act was done is not an ingredient of the offense, and that lack of knowledge on the part of the defendant is not a defense: *State* v. *Brown,* 73 Or. 325 (144 Pac. 444), and cases cited. The offense charged was purely *malum prohibitum,* and in such cases, unless the legislature so describes the crime as to make knowledge and intent an ingredient of the crime, the court will not ingraft that into the case.

2. Counsel for defendant claims that, this statute being broader than the title, the act falls within the prohibition of Section 20, Article IV, of the Constitution, which provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.   This subject has been fruitful of litigation, and has been many times before this court for adjudication.   Mr. Justice WOLVERTON, in *Clemmensen* v. *Peterson,* 35 Or. 47 (56 Pac. 1015), says:

This provision "was designed by the framers of the Constitution that in every case the proposed measure should stand upon its own merits, and that the legislature should be fairly satisfied of its purpose by an inspection of the title, when required to pass upon it, so as not to be surprised or misled by the subject which the title purported to express."

*Spaulding Logging Co.* v. *Independence Imp. Co.,* 42 Or. 394 (71 Pac. 132), holds:

"The intention of the Constitution plainly is that the subject of the proposed legislation shall be stated in the title, so that the members of the legislature and the public may thereby be informed of the subject on which the former are invited to vote and legislate, without the necessity of studying the entire bill; and the courts cannot reject as surplusage any material part of the title in order to make it conform to some other or different legislation."

Counsel for the state earnestly contend that this act reaches every convict sentenced to confinement in the penitentiary, whether in or out of that institution, and that the general subject mentioned in the title of furnishing liquor to a convict is sufficient to uphold the act; but we cannot agree with this.   The title contains the words, "to prevent the furnishing of liquor to any

convict or prisoner *in* the penitentiary," and nowhere in the title is this subject enlarged, confining the legislation to convicts in the prison. No one on reading this title would dream that it was intended to or did go beyond those so confined.

"As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters embraced in the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the Constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so": Cooley, Const. Lim. (7 ed.), p. 212.

This completely answers the argument of the state in the case at bar. The legislature might have included in the act the matter in issue here, but in the title of the act it saw fit to confine it to persons *in* the penitentiary, and under such a title it cannot be extended to a man who has been paroled and is out in business.

The judgment is reversed and the defendant discharged.        REVERSED.

MR. CHIEF JUSTICE MOORE, and MR. JUSTICE HARRIS concur.

MR. JUSTICE BEAN dissenting.