Argued February 18, affirmed March 7, 1916,

# ALBANY *v.* McGOLDRICK.

(155 Pac. 717.)

**Statutes—Title of Act—Scope.**

1. Under Article IV, Section 20, of the Constitution, declaring that every act shall embrace but one subject and matters properly connected therewith, which shall be expressed in its title, Laws of 1893, page 119, entitled "An act for a general law for the incorporation of cities and towns," has not a sufficiently broad title to include provisions repealing or limiting powers already granted to existing municipal corporations.

**Municipal Corporations—Charters—Construction.**

2. Section 3223, L. O. L., declares that no ordinance or resolution granting a franchise shall be passed on the day of its introduction, nor within five days thereafter, nor at any other than a regular meeting. Section 3229 declares that common councils shall have power to fix the maximum rates for gas, and no city shall deprive itself of the right through its common council of adjusting any such rates. Both sections are part of Laws of 1893, page 119, entitled "An act for a general law for the incorporation of cities and towns," which in other sections declares that municipal corporations now existing or thereafter organized under the act shall be bodies politic, with such privileges and powers as may be conferred by laws duly enacted. The City of Albany was already existing in 1893. Special Laws of 1901, page 312, under which it was incorporated, provides, in section 29, that the council may adopt rules for the government of its members and proceedings, that it must keep a journal, and that the ayes and nays shall be taken on demand of members. *Held* that, in view of the restrictions of the title of Laws of 1893, it was not intended to apply and limit the powers of existing municipal corporations, and hence the council of the City of Albany might grant a gas franchise at the meeting at which the measure was introduced causing it to be read three times and put on final passage.

**Municipal Corporations—Charter—Powers.**

3. Special Laws of 1903, page 767, amending the charter of Albany (Sp. Laws 1901, p. 307), in Section 11, subdivision 1, authorizes the city to provide for lighting the same with gas and the council to grant a private corporation a franchise for such purpose upon such terms as may be just; hence the council of the City of Albany might grant a franchise to persons agreeing to erect and equip a gas plant.

> [As to powers of municipal corporation to manufacture gas and electric light for use on streets and sale to citizens, see note in 30 Am. St. Rep. 225.]

From Linn: PERCY R. KELLY, Judge.

Department 1.   Statement by MR. JUSTICE McBRIDE.

This is an action by the city of Albany against W. H. McGoldrick and the Title Guarantee & Surety Company, a corporation, to recover upon a bond given by defendants McGoldrick, as principal, and the Title Guaranty & Surety Company, as surety, conditioned that said McGoldrick, his legal heirs, executors and assigns, should install and complete the necessary plant for the furnishing of gas for lighting said city in accordance with a certain ordinance of said city designated as Ordinance No. 588, passed by the council, approved by the mayor, and the conditions thereof accepted by the defendants.   There was no compliance by the defendants with the conditions of the bond, and this action was brought to recover the penalty.   There was a trial and findings and judgment had for plaintiff, and defendant appeals.                           AFFIRMED.

For appellants there was a brief over the names of *Mr. Edward F. Bailey* and *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. Bailey.*

For respondent there was a brief over the names of *Mr. Victor Oliver, Mr. L. L. Swan* and *Mr. Dan Johnston,* with an oral argument by *Mr. Oliver.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1, 2. It is practically admitted that, if Ordinance No. 588 is a valid ordinance, the plaintiff is entitled to recover; otherwise, it must fail.  Defendants contend that it is invalid for two reasons:

(1)   That it violates Section 3223, L. O. L., which provides:

"No ordinance and no resolution granting any franchise for any purpose shall be passed by the council

on the day of its introduction nor within five days thereafter, nor at any other than a regular meeting. No resolution or order for the payment of money shall be passed at any other time than at a regular meeting.''

(2) That it violates Section 3229, L. O. L., which is as follows:

'' * * Common council * * shall have power * * to fix the maximum rate of wharfage, rates for gas * * and no such city or town shall ever deprive itself of the right through its common council of regulating and adjusting any such rates, so that the same shall be reasonable for the services rendered, at least once in any period of two years. * * ''

In our judgment neither of these sections apply to the City of Albany, for the reason that it was incorporated by a special act of the legislature, approved February 16, 1901 (Sp. Laws 1901, p. 307). Section 29 of said act provides:

''The council may adopt rules for the government of its members and its proceedings. It must keep a journal of its proceedings, and on the call of any two of its members must cause the ayes and nays to be taken and entered on its journal upon any question before it; but upon a question to adjourn the ayes and nays shall not be taken, unless upon the call of three members. Its deliberations and proceedings must be public.''

This gave to the council unlimited discretion as to the manner in which it should transact its business, subject only to the restrictions therein; and unless this authority has been taken away by Section 3223, *supra,* the council had the right to introduce the ordinance, cause it to be read three times, and put it upon its final passage at the same meeting. Section 3223 has not taken away any power theretofore conferred upon the council. It is part of an act passed in 1893 (Laws 1893, p. 119), entitled ''An act for a general law for the

incorporation of cities and towns in the State of Oregon''; its general purpose being to provide for the incorporation of towns not then incorporated and to provide a general municipal charter for such towns. It also provides for the annexation of adjacent territory to cities and towns theretofore incorporated, and contains the provisions first quoted above, being Section 17 of said act.   Section 7 of the act is as follows:

"The officers of every municipal corporation organized under this act, shall be a mayor, six aldermen, a recorder, who shall be *ex-officio* clerk of the common council; a marshal and a treasurer, who shall hold their offices until their successors are elected and qualified, unless sooner removed for cause, and such subordinate officers as are hereinafter provided for."

After this section follows the other sections, including Section 17, which define the powers and duties of the officers and of the council; but the operation of these sections is clearly limited by Section 7 to municipal corporations organized under the act.   Section 6 of the act prescribes:

"Municipal corporations now existing in this state, or hereafter organized therein under this act, shall be bodies politic and corporate, under the name of the city or town, as the case may be, of ——, and as such may sue and be sued, contract and be contracted with, acquire, hold, possess, dispose of property subject to the restrictions contained in this act or other laws of this state, have a common seal, and change or alter same at pleasure, and exercise such other powers and have such other privileges as are now conferred by law, or by this act, or which may hereafter be conferred by laws duly enacted by the legislative assembly of this state, and shall have perpetual succession."

The section plainly indicates that it was not the legislative intention to repeal or limit any power

already granted to municipal corporations already existing. Indeed, the title of the act is not sufficiently broad to indicate any such intention, and the act, under such circumstances, would be void because inimical to Article IV, Section 20, of the Constitution: *State* v. *Wright,* 14 Or. 365 (12 Pac. 708). We are of the opinion that Section 3223, if valid in any respect as to municipalities existing before its passage, can only be held to grant additional power, and not to repeal, limit or restrict those already granted. The same reasoning will apply to the second objection. Section 3229 is a part of the same act of 1893, and manifestly is intended to apply only to cities and towns to be incorporated under that act.

3. Section 11, subdivision 1, of an act amending the charter of Albany, approved February 24, 1903 (Sp. Laws 1903, p. 767), authorized the city:

"To provide the city with good and wholesome water, and to provide for the lighting of the city with gas, electricity, or other light, and for the erection of such works within or without the city limits as may be necessary or convenient therefor; to provide a fund for the constructing and defraying the expenses of the same: Provided, that the council may grant the privilege or franchise of such water, and the lighting of the streets to any private corporation, person, or company of persons, upon such terms and conditions as may be just; but no such grant shall prohibit the council from granting the same privileges and franchises to others."

This section gave the city ample authority to pass the ordinance in question, and that authority is in no wise affected by the provisions of the act of 1893, as it plainly appears that the act did intend to limit the activities of cities already incorporated under special acts, and, under the provision of the Constitution above quoted, could not have accomplished that purpose in any event.

The ordinance being valid, it follows that the bond is also valid, and the judgment is affirmed.     AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.