Argued April 21; peremptory writ issued May 12, 1942

# STATE ex rel. PARDEE v. LATOURETTE
(125 P. (2d) 750)

Before Kelly, Chief Justice, and Belt, Bailey, Lusk, Rand, Rossman and Brand, Associate Justices.

*John F. Reilly*, of Portland (Reilly & Davidson, of Portland, on the brief), for relator and plaintiff.

*Arthur I. Moulton*, of Portland (Moulton & Davis, of Portland, on the brief), for defendant.

BAILEY, J. This is an original proceeding in mandamus, brought on the relation of James E. Pardee against the Honorable Earl C. Latourette as judge of the circuit court of the state of Oregon for Clackamas county. The alternative writ commanded the defendant to vacate an order made by him January 19, 1942, denying the relator's motion "to quash the pretended service of summons and complaint on him and enter an order in said cause quashing said pretended service of summons and complaint on him", or to show cause for not so doing. To this alternative writ the defendant demurred.

The facts as shown by the writ are the following: On or about December 11, 1940, Mildred Marshall instituted in the circuit court of the state of Oregon for the county of Clackamas an action against Lyman H. Derrick, executor of the last will and testament of Emma I. Edenholm, deceased, C. W. Morrill, administrator of the estate of David Richard Edenholm, deceased, Sarah Derrick and James E. Pardee, to recover the sum of $25,000 as damages for injuries suffered by her in a collision between an automobile in which she was riding as a passenger and an automobile owned by the decedent Emma I. Edenholm and driven by the

relator, James E. Pardee. Service was attempted to be made upon Pardee as defendant in that action by serving the secretary of state of the state of Oregon, pursuant, according to the affidavit of one of the attorneys for the plaintiff in that action, to "§ 55-402, Oregon Code 1930, as amended by chapter 499 of the General Laws of Oregon for 1939". In addition to obtaining service on the secretary of state, plaintiff's counsel sent copies of the summons and complaint by registered mail to Pardee at 11,011 Lassen street, Susanville, California. A return receipt therefor was requested and had by the attorney and is attached to his affidavit of service. Pardee appeared and filed a motion in which he stated that he was "appearing specially for the sole purpose of presenting this motion", and moved "the court for an order quashing the pretended service of summons and complaint upon him on the ground that said pretended service is void and of no effect." The motion was denied. Pardee thereupon instituted this proceeding.

■ The facts in this case are admitted. In passing upon the matters presented by the motion to quash the pretended service, the circuit judge was not called upon to exercise judicial discretion. As Pardee did not have any plain, speedy and adequate remedy in the ordinary course of the law, it was proper for him to bring this proceeding in mandamus: *State ex rel. Hupp Motor Car Corporation v. Kanzler*, 129 Or. 85, 276 P. 273; *State ex rel. Sullivan v. Tazwell*, 123 Or. 326, 262 P. 220.

■ ■ A state may lawfully declare by appropriate legislation that the use of its highways by a nonresident motorist shall be deemed equivalent to an appointment by him of the secretary of state as his attorney upon whom process may be served in any action growing out

of any accident or collision in which the nonresident may be involved while operating a motor vehicle upon such highways: *Hess v. Pawloski*, 274 U. S. 352, 71 L. E. 1091, 47 S. Ct. 632. Legislation which provides only for service of summons upon the secretary of state as agent of such nonresident motorist and contains no further provision making it reasonably probable that such service will be communicated to the defendant is lacking in due process of law: *Wuchter v. Pizzutti*, 276 U. S. 13, 72 L. E. 446, 48 S. Ct. 259, 57 A. L. R. 1230.

The question here involved is whether the attempted service of summons and complaint upon Pardee gave the circuit court jurisdiction over him. It is the relator's contention that since he was merely the operator and not the owner of the automobile which he was driving at the time of the collision, chapter 359, Oregon Laws 1929, either as originally enacted (§§ 55-401 to 55-404, inclusive, Oregon Code 1930), or as amended by chapter 499, Oregon Laws 1939 (§ 115-129, O. C. L. A.), has no application to the service of summons upon him.

It does not definitely appear from the original complaint in the action against him that Pardee was at the time of the collision a nonresident of Oregon, but the only logical conclusion to be drawn from the affidavit of service of summons and from the amended complaint in that action, which are attached to the writ as exhibits, is that Pardee was a nonresident of Oregon. Of course, if Pardee was a resident of Oregon at the time of the collision, the law upon which the plaintiff in the action relied would have no application, because it concerns nonresidents only, and the attempted service would be ineffectual.

We shall first consider whether chapter 359, Oregon Laws 1929, includes nonresident operators of motor

vehicles on the highways of this state, when such non-residents are not the owners of the vehicles. Section 20 of article IV, Oregon constitution, provides that: "Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The title of chapter 359, Oregon Laws 1929, is as follows:

"An act to grant to nonresident owners of motor vehicles the privilege of using the highways of the state of Oregon, and providing for the appointment by such nonresident users of the highways of the state of Oregon of the secretary of state as attorney in fact for such nonresident owners of vehicles for the service of all lawful processes in any action or proceedings against such nonresident owners growing out of any accident, collision or liability in which said nonresident owners may be involved while operating motor vehicles upon the highways of the state of Oregon."

Section 2 of the 1929 act refers to the use of the highways by nonresidents of the state and does not contain the qualifying word "owners" used in the title. It is therefore suggested by counsel for the defendant in the proceeding at bar that we should ignore, in construing the act, the word "owners" in the title thereof, and interpret the act as applying to all nonresident users of the highways of Oregon.

A question similar to the one thus presented was raised in *Singer Manufacturing Company v. Graham*, 8 Or. 17, 34 Am. Rep. 572. In that case the plaintiff, a foreign corporation, brought action in a justice's court to recover the value of a sewing machine. Judgment was therein rendered in favor of the plaintiff and an appeal was prosecuted to the circuit court, where a like

judgment was entered. On appeal to this court it was contended that the plaintiff, a foreign corporation, could not maintain the action because it had not "executed a power of attorney and caused the same to be recorded, as required by sections seven and eight of chapter twenty-four of the miscellaneous laws of Oregon [Deady & Lane, General Laws of Oregon 1843-1872], page 617." The title of the act involved in that case thus read: "An act to regulate and tax foreign insurance, banking, express and exchange corporations or associations doing business in the state." Section 7 of the act provided that, "A foreign corporation, before transacting business in this state, must duly execute and acknowledge a power of attorney". And § 8 required that such power of attorney should "appoint some person" as "the authorized agent of such corporation upon whom lawful and valid service may be made of all writs and process in any action". In its opinion therein, the court, after pointing out the necessity of complying with the provision of § 20, article IV, hereinabove quoted, said:

"And inasmuch as the title of the act referred to purports to regulate and tax 'foreign *insurance, banking, express and exchange* corporations or associations,' the provisions of sections seven and eight of chapter twenty-fourth of the miscellaneous laws, p. 617, should be restricted to them alone, and should not be construed so as to include foreign corporations engaged in other enterprises within this state. The same construction was placed upon those sections by the United States circuit court for the district of Oregon in a well considered case. (Oregon and Washington Trust Investment Co. v. Rathburn, 5 Sawyer [page 32].)

"As it does not appear from the pleadings in this case that the respondent was a foreign corporation doing business within the state as an *insurance, bank-*

*ing, express, or exchange* corporation or association, it does not come within the purview of the decision of this court in the case of The Bank of British Columbia v. Page, 6 Or. 431, and we hold that it had a right to bring and maintain this action.''

In *State v. Perry*, 77 Or. 453, 151 P. 655, the defendant was indicted for and convicted of furnishing intoxicating liquors to a convict sentenced to serve a term in the Oregon state penitentiary. The title of the act (chapter 151, Laws 1913) under which the defendant was convicted prohibited the sale of intoxicating liquors to any convict or prisoner in the Oregon state penitentiary. In the body of the act it was made a crime to sell intoxicating liquors to any person confined in the penitentiary or to any one sentenced to the penitentiary. The judgment appealed from was reversed. The opinion stated that the title of the act was not broad enough to include the crime with which the defendant was charged, expressing thus the court's conclusion:

''Counsel for the state earnestly contend that this act reaches every convict sentenced to confinement in the penitentiary, whether in or out of that institution, and that the general subject mentioned in the title of furnishing liquor to a convict is sufficient to uphold the act; but we can not agree with this. The title contains the words, 'to prevent the furnishing of liquor to any convict or prisoner *in* the penitentiary,' and nowhere in the title is this subject enlarged, confining the legislation to convicts in the prison. No one on reading this title would dream it was intended to or did go beyond those so confined.''

This court also in the following cases held that the title of the act was not sufficiently broad to include certain provisions in the body of the act and that therefore so much of the act as was not included in the title

was void: *Albany v. McGoldrick*, 79 Or. 462, 155 P. 717; *Gaston v. Thompson*, 89 Or. 412, 174 P. 717. See also, 1 Cooley on Constitutional Limitations, 8th Ed., page 310.

Counsel for the defendant argue in their brief that, "The true subject-matter of both the original act and the" amendatory "act is the use of the highways in the state of Oregon by nonresidents." This is too broad a statement. The subject-matter of the original act is the use of the highways of this state by nonresident owners of motor vehicles. The legislature saw fit to restrict the operation of the act. As observed in *State v. Perry*, supra, "No one on reading" the title of the act "would dream that it was intended to or did" include any one but nonresident owners of motor vehicles.

■ Immediately following the language here adapted, the court in *State v. Perry*, supra, quoted with approval Cooley on Constitutional Limitations, 7th Ed., page 212, thus:

"As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters embraced in the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts can not enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so."

■ If it had desired, the legislature could have included within chapter 359, Oregon Laws 1929, all nonresident operators of motor vehicles on the highways

of this state. It limited the application of that act, however, by the title thereof, to nonresident owners of motor vehicles. We are not permitted to enlarge the scope of the enactment.

In 1939 the legislature amended § 55-402, Oregon Code 1930 (§ 2 of chapter 359, *supra*), by chapter 499, Oregon Laws 1939, the title of which thus reads: "An act to amend section 55-402, Oregon Code 1930, relating to service upon secretary of state as attorney for nonresident and foreign corporations." Section 55-402, as so attempted to be amended, would apply to all nonresidents and foreign corporations using the roads, highways and streets of this state.

Section 22 of article IV of the constitution of Oregon, relating to mode of revision and amendment, is as follows:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length."

■ "It is sufficient for the title of an act to amend a particular section of the code or other compilation of laws, to specify the section to be amended without in any way indicating the subject-matter of the section, and, under such a title, any legislation is proper which could have been included in the original act:" *McLaughlin v. Helgerson*, 116 Or. 310, 315, 241 P. 50. See also: *Murphy v. Salem*, 49 Or. 54, 87 P. 532; and *Ex parte Howe*, 26 Or. 181, 37 P. 536.

■ It has already been pointed out that the title of the 1928 enactment limited the act to nonresident owners of motor vehicles using the highways of this state, and that such title was not broad enough to include all nonresidents. The 1939 amendment, which purported only to amend § 2 of that act, attempted to include all

nonresident users of the highways, and to that extent was invalid as embracing matters not within the scope of the title of the original act.

■ In *State ex rel. Umatilla County v. Hawks*, 110 Or. 497, 222 P. 1071, this court had under consideration the validity of chapter 142, Laws 1923, purporting to amend chapter 208, Laws 1921, the title of which provided for the ''supervision, regulation, limitation and levy of taxes of counties having a population of more than 100,000'' and for the creation of a supervising and conservation commission. The title of the 1923 amendatory act was as follows: ''An act to amend the title and sections 3 and 4 of chapter 208, General Laws of Oregon, 1921, relating to county tax supervising and conservation commissions.'' Section 3 of the amendatory act attempted to create and provide for tax supervising and conservation commissions in all the counties of the state of Oregon. The court held that the amendatory act was unconstitutional because the subject-matter thereof was not expressed in the title of the original act. It further pointed out that the title of the original act applied to counties of more than one hundred thousand, whereas the act as amended applied to all counties of the state. The rule was thus stated in the opinion:

''But while a title which declares that the act is one to amend an earlier act, is sufficient for the purpose indicated, it does not indicate a purpose to enact provisions that are not germane to the subject expressed in the title of the original act: Pacific Elevator Co. v. Portland, 65 Or. 349, 385 (133 Pac. 72, 46 L. R. A. (N. S.) 363). And no provision is permissible in an amendatory act having such a title which is not germane to the subject of the original legislation (25 R. C. L. 870). Provisions of an amendatory act which are beyond the scope of the title of the act amended, and for that reason would have been void if they had been

embraced in the earlier act, are likewise void when incorporated in the amendatory act: Commonwealth v. Thomas, 248 Pa. St. 256 (93 Atl. 1019).''

■ ■ After discussing further the nature of amendatory acts, the court then said:

''In order to be valid as an amendment, the subject-matter of the later statute must be fairly indicated by the title to the earlier act, and, on the other hand, if the later statute is to be considered as an original act of legislation, the subject-matter embraced therein must be expressed in its title.

''Whether a statute is in the form of an amendment or original legislation, the failure to incorporate in the title of the act an expression of its subject-matter essential to its validity can not be supplied by reference to the body of the act.''

See also, in this connection: *Korth v. City of Portland*, 123 Or. 180, 190, 261 P. 895, 58 A.L.R. 665; *Eaton v. Walker*, 76 Mich. 579, 43 N. W. 638, 6 L.R.A. 102; and annotation, 79 Am. St. Rep. 484.

■ It is our conclusion that chapter 359, Oregon Laws 1929, does not include or apply to nonresident drivers of motor vehicles on the highways of the state of Oregon, unless they are the owners of such vehicles, for the reason that the title of the act is limited to nonresident owners of motor vehicles. And the attempted amendment of § 2 of chapter 359 by chapter 499, Oregon Laws 1939, must also be construed as limited to nonresident owners of motor vehicles, because of the restrictive title of the 1929 enactment.

Other questions have been raised by the relator, which are not deemed necessary to be decided. The demurrer to the alternative writ is overruled and a peremptory writ will issue. No costs will be allowed.

RAND, J., did not participate in this decision.