Argued December 6; affirmed December 29, 1944

# FIRST NATIONAL BANK OF CORVALLIS $v.$ BENTON COUNTY

(154 P. (2d) 841)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Harold J. Warner,* of Portland (Platt, Henderson, Warner, Cram & Dickinson, of Portland, on the brief), for appellant.

*Walter T. Durgan,* of Corvallis (Fred McHenry, of Corvallis, District Attorney, on the brief), for respondent.

BAILEY, C. J. This action was instituted by the First National Bank of Corvallis, a national banking association, to recover from Benton county taxes paid by the bank on assessments against personal property owned by it, for the years 1930 to 1937, inclusive; and to recover like taxes for the year 1930 paid by Corvallis State Bank, which during that year was merged with the plaintiff banking association. Only one of the payments of taxes, that of March 1, 1937, was made within six years prior to March 21, 1942, the date when this action was commenced.

The defendant in its answer admits the payment of taxes as set forth in the complaint. By way of a separate answer and defense, it pleads that the statute of limitation is a bar as to all the payments made more than six years before the commencement of this action. As a further answer, the defendant alleges that the moneys paid by the plaintiff and the Corvallis State Bank have been distributed by the defendant to the state of Oregon, Consolidated District No. 9 and the city of Corvallis, "in the amounts of their respective tax levies for said years, and the balance" thereof has been "paid out by the defendant for the particular purposes and to the particular persons for which such taxes were levied"; and that "none of said moneys are now in the possession of defendant."

From a judgment in favor of the defendant the plaintiff has appealed.

National banking associations located within the state of Oregon, and state banks, are required to pay an annual excise tax of five per cent on net income (§ § 110-1503 and 110-1504, O. C. L. A.), which tax is in lieu of all other state, county and municipal taxes except taxes on their real properties (§ 110-1505, O. C. L. A.). Therefore, the personal property on which taxes were levied and paid in the case before us was exempt from taxation.

The plaintiff bases its cause of action on the second paragraph of § 110-855, O. C. L. A., which reads as follows:

"Whenever any taxing district or tax levying body in the state has levied an assessment and taxes have been collected by the county against real or personal property not within the jurisdiction of such taxing district or such tax levying body, the

county court shall refund to the owner of such property the amount of money so collected in excess of the amount actually due, in the manner provided herein for refund of excess payment of taxes against personal property.''

One of the defendant's contentions is that the foregoing quoted excerpt is void under article IV, § 20, of the Oregon constitution, as not expressed in the title of the act of which it was a part or the title of the original act which it sought to amend. That provision of the constitution thus reads:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.''

The above quoted part of § 110-855, O. C. L. A., first appeared in chapter 237, Oregon Laws 1919, the title of which was, "An act to amend section 5 of chapter 147 of the general laws of Oregon for the year 1913.'' Chapter 237 contained only one section, divided into three paragraphs, the third of which is now that part of § 110-855, O. C. L. A., which we have hereinabove quoted. That paragraph has remained unchanged, although the other paragraphs of chapter 237 were amended by § 6, chapter 490, Oregon Laws 1939.

The title of an act to amend a particular section of the code or other compilation of laws is sufficient if it specifies only the section to be amended, without in any way indicating the subject-matter of the section. Under such a title any legislation is proper that

could have been included in the original act: *McLaughlin v. Helgerson,* 116 Or. 310, 315, 241 P. 50, and cases therein cited; *State ex rel. Pardee v. Latourette,* 168 Or. 584, 125 P. (2d) 750. The provisions included in the amendatory act must be germane to the subject expressed in the title of the original act. "And no provision is permissible in an amendatory act having such a title [one merely designating the section to be amended] which is not germane to the subject of the original legislation (25 R. C. L. 870). Provisions of an amendatory act which are beyond the scope of the title of the act amended, and for that reason would have been void if they had been embraced in the earlier act, are likewise void when incorporated in the amendatory act: *Commonwealth v. Thomas,* 248 Pa. St. 256 (93 Atl. 1019)": *State ex rel. Umatilla County v. Hawks,* 110 Or. 497, 222 P. 1071. See also, in this connection, the cases above cited and the following: *State v. Eaton,* 119 Or. 613, 250 P. 233; *Crookston v. Board of County Commissioners,* 79 Minn. 283, 82 N. W. 586, 79 Am. St. Rep. 453, 484; *Bobel v. People,* 173 Ill. 19, 50 N. E. 322, 64 Am. St. Rep. 64, 79.

The question therefore arises whether the subject embraced in the second paragraph of § 110-855, O. C. L. A., hereinabove quoted, amending § 5 of chapter 147, Oregon Laws 1913, is expressed in the title of that chapter. The title of chapter 147, Oregon Laws 1913, is, "An act to amend section 3728 of Lord's Oregon Laws; and to provide for the collection of taxes on personal property where such taxes may not become a lien on sufficient real property to insure the payment thereof." The act itself consisted of five sections. Section 1 thereof is in part as follows: "Section 1. That section 3728 of Lord's Oregon Laws shall be, and

hereby is amended to read as follows". Then is set forth § 3728 as amended. The other four sections of the act do not purport to be and are not amendments of § 3728. Rather, they comprise new legislation "to provide for the collection of taxes on personal property" under conditions specified. The subject of sections 2 to 5, inclusive, as originally enacted, is clearly expressed in the title of the 1913 act.

We are not here concerned with the question of whether the subject-matter of § 3728, L. O. L., as amended by chapter 147, Oregon Laws 1913, is embraced within the title of the original act (chapter 267, Oregon Laws 1907), inasmuch as that amendment is not here under attack. Sections 2 to 5, inclusive, of the 1913 act are not amendments to any part of chapter 267, Oregon Laws 1907, and because we are now interested only in the amendment of § 5 of the 1913 act, the wording or scope of the title of the 1907 act is in no wise here involved.

Sections 2, 3 and 4, chapter 147, Oregon Laws 1913, provide generally that whenever "the county assessor shall discover any personal property, liable to assessment for taxation in his county, the taxes on which when levied may not, in his opinion, become a lien on sufficient real property to insure the payment thereof," he shall immediately after placing a valuation on such personal property demand and collect the taxes thereon at the current rate. Those sections further provide that the assessment made on such personal property shall be equalized by the county board of equalization in the same manner that other assessments are equalized.

Section 5 of the 1913 act is as follows:

"After such equalization, and after taxes have been levied and charged, as provided by law, against

the property appearing on the assessment roll of said year, and the warrant authorizing the collection of such taxes has been issued, then if a sum in excess of the tax so charged against any such stock of goods or merchandise or personal property has been collected as herein provided, such excess shall be repaid by the tax collector to the person from whom the collection was made, or to the person entitled to such repayment, on demand therefor. If a sum less than the tax so charged, after equalization and levy, has been collected, the deficiency shall be subject to collection by the tax collector or sheriff in the same manner that other taxes are collected.''

To amend that section was attempted by chapter 237, Oregon Laws 1919. The substance of the original § 5 was not thereby materially altered. There were added to it, however, two new paragraphs. The first of those provides how the refund of excess taxes shall be charged to the political subdivisions which had been benefited by the payment of such taxes; and the final paragraph is the legislation with which we are directly concerned. It is hereinabove quoted as ''the second paragraph of § 110-855, O. C. L. A.,'' its most recently codified form.

■ It is argued by the plaintiff that that paragraph provides for the refund of taxes assessed against and paid on personal property exempt from taxation. In support of its contention the plaintiff asserts that the taxing authorities have no jurisdiction to assess property not subject to taxation, and that the phrase, ''not within the jurisdiction of such taxing district or such tax levying body'' applies to non-taxable property. The paragraph under discussion is susceptible of that construction: *Portland University v. Multnomah County*, 31 Or. 498, 50 P. 532; *Silverfield v. Multnomah County*, 97 Or. 483, 192, P. 413.

Much of the plaintiff's opening brief is devoted to an analysis of *Jackson County v. Ulrich,* 118 Or. 47, 244 P. 535. In that case Jackson county instituted a proceeding against the defendant Ulrich and others, to foreclose various certificates of tax delinquency, some of which were issued for delinquent taxes assessed against personal property allegedly owned by Ulrich. That defendant filed an answer in which he alleged that he was not the owner of the property at the time it was assessed, and that the assessment was made without any authority. He further averred that the county court, sitting for the transaction of county business, had accepted an offer of compromise made by him and directed the sheriff to receive an agreed amount of money from him in full settlement of the claim for taxes. The sheriff, however, refused to accept that amount, and the same was tendered into court by Ulrich.

It was held by this court that because of the peculiar facts in that case the county court had authority to compromise the matter. In answering the district attorney's contention that the remedy of Ulrich who would have been to pay the full tax demanded by the sheriff and then apply "to the County Court for an order directing the issue of a county warrant, for the repayment of an excess tax under the provisions of § 4386, Or. L.", the court said: "That section applies when a sum has been collected in excess of the tax charged against assessable property. It does not provide a remedy in a case like the one in hand." The observation quoted was not necessary to the decision.

Section 4386, O. L., is comprised of the entire chapter 237, Oregon Laws 1919. Only the last paragraph of it here concerns us. The opinion in the Ulrich case

does not refer to any particular part of the section. It is our view that the first two paragraphs of that section apply only to "assessable property", and that the last paragraph is limited to "property not within the jurisdiction of" the tax levying body attempting to assess the same.

We shall now consider whether the legislation under discussion is embraced in the title of chapter 147, Oregon Laws 1913, § 5 of which it seeks to amend. That title, as far as material here, provides "for the collection of taxes on personal property where such taxes may not become a lien on sufficient real property to" ensure their payment. It does not embrace the repayment of taxes on tax-exempt real and personal property. It refers to personal property alone and to only that personal property which is subject to taxation. Moreover, it does not include all taxable personal property, but only that on which the taxes may not become a lien on sufficient real property to make sure their payment. As observed in *State v. Perry,* 77 Or. 453, 151 P. 655, "No one on reading this title would dream that it was intended to or did" include the repayment by counties of taxes on non-assessable property.

■ In 1939 the legislature, by chapter 490, Oregon Laws 1939, amended § 69-729, Oregon Code 1930 (which, as amended, is now § 110-855, O. C. L. A.), together with other sections of the code, under the following title: "An act to amend sections 69-243 and 69-506, Oregon Code 1935 Supplement, and section 69-507, Oregon Code 1930, sections 69-706 and 69-721, Oregon Code 1935 Supplement, and section 69-729, Oregon Code 1930, and to amend chapter VI, title LXIX, Oregon Code 1930, and Oregon Code 1935 Supplement, and chapter VII, title LXIX, Oregon Code 1930, and Oregon Code

1935 Supplement, as amended, relating to assessment of property and taxes thereon.'' The plaintiff directs our attention to this quoted title and argues that it is sufficiently comprehensive to include legislation for the repayment of taxes on non-taxable property. In this connection the plaintiff refers only to that part of the title reading thus: ''relating to assessment of property and taxes thereon.'' It would ignore entirely the remainder of the title. We do not believe that the last quoted phrase, describing the acts intended to be amended, adds in any way to the title of which it is a part: *Egekvist Bakeries, Inc., v. Benson,* 186 Minn. 520, 243 N. W. 853. The title has reference to the amendment of certain sections of the code, and the validity of those sections as amended is determined by the titles of the acts which originated them: *State ex rel. Umatilla County v. Hawks,* supra; *State ex rel. Pardee v. Latourette,* supra. Nothing more is undertaken by chapter 490, Oregon Laws 1939, than the amendment of certain designated sections of the code.

 We are of the opinion that the second paragraph of § 110-855, O. C. L. A., on which the plaintiff relies, is unconstitutional in so far as it may apply to the repayment of taxes on tax-exempt property, because neither expressed in nor germane to the title of chapter 147, Oregon Laws 1913. The right to recover moneys paid on a void tax exists only as provided by statute: *Johnson v. Crook County,* 53 Or. 329, 100 P. 294, 133 Am. St. Rep. 834; *Moffitt v. Salem,* 81 Or. 686, 160 P. 1152. Inasmuch as no statutory authorization is pointed out for the recovery herein sought, the judgment appealed from must be, and hereby is, affirmed.