ANGELL v. TOLEDO (City), et al.

Common Pleas Court, Lucas County.

No. 169563.   Decided November 12, 1948.

Robert N. Zanville, Toledo, for plaintiff.

W. G. Christensen, Director of Law, Jas. Slater Gibson, Toledo, for defendant.

## OPINION

By BAUMANN, J.

Plaintiff is a non-resident of the city of Toledo, who is regularly employed within the corporation.  He questions the validity of the Income Tax Ordinance of the city, and seeks to enjoin deductions from his wages, as required by the terms of the ordinance.

The city has filed a general demurrer, addressed to the petition, thus submitting the case to the court on questions of law.

These questions have been well argued and extensively briefed.  Many authorities have been cited, which required examination and research by the court.

At the outset it is proper to eliminate the diversions and concentrate on the issue.  The petition under consideration is an individual complaint.  It is neither a 'taxpayers suit' nor a 'class action'.  Consequently, we are limited to those provisions of the ordinance that adversely affect the plain-

tiff as a wage earning taxpayer. We are not directly concerned with the employer, nor with taxpayers in other classifications.

The petition states that the plaintiff began his Toledo employment after the effective date of the ordinance. It follows that the inhibition in the Federal constitution prohibiting the passage of a law that impairs the obligation of a contract is not pertinent. It is fundamental that contracts, such as the contract of employment in this case, are subject to the existing valid laws of the community in which they are made.

Another diversion which must be eliminated is the consideration of this ordinance as something other than income tax legislation. The title of the ordinance, its substance and its effect classify it as one that levies a tax on income and it will be so considered.

The authorities of other states have been cited and discussed  It was proper to do this, and the court has examined these decisions and opinions with care. We find that these cases, and especially in Pennsylvania and Missouri, are necessarily based on their respective constitutions and statutes. The Constitution of the State of Ohio differs to such an extent that we can derive little, if any, assistance from these decisions.

Does a municipality have authority under the constitution and laws of the State of Ohio to levy an income tax on the wages of non residents employed in the city? That is the question presented here.

**Article XVIII, Section 3 of the Constitution of Ohio** provides that:

"Municipalities shall have authority to exercise all powers of local self government, etc."

In **State ex rel v. Carrel, 99 Oh St 220, 227,** the Supreme Court of Ohio said of this section:

"We find as complete a grant of power as the general assembly has received. * * * There can be no doubt that the grant of authority to exercise all powers of local government includes the power of taxation, for without this power local government in cities could not exist for a day."

The Constitution contains but one pertinent limitation upon this broad power. The general assembly is authorized by general laws to restrict the power of taxation by cities.

Articles XIII, Section 6. But as was well said by the Supreme Court in **Walker v. Cincinnati, 21 Oh St, 14,**

"The authority and duty to prevent an abuse of the powers of taxation and assessment by municipal corporations is entrusted by this section to the general assembly and not to the courts of the state."

Whatever a court may think as to the wisdom or economic propriety of a municipal tax on income is inconsequential. The authority to act is lodged in the people or their legislative representatives.

We find no direct statutory prohibition of this type of tax. Nor has any been cited. The state has not entered the field of income taxation to result in a limitation by implication. Statutes have been called to our attention, but it would be reasoning to a desired conclusion, rather than logic, to conclude that these statutes have anything whatsoever to do with income taxation

It has been said that **Sections 8 and 9 of Article XII of the Ohio Constitution** deprive the municipality of this power by implication. The obiter dicta in the Carrel case is to this effect. These sections authorize the general assembly to levy an income tax with the provisional requirement that fifty percent be returned to local government. As to inheritance taxes, where the state has acted affirmatively, this is undoubtedly true. But as to income taxes, inactivity on the part of the general assembly for at least thirty-eight years, would indicate that the state intended to remain out of the field. We find the dicta in this case to be inconsistent with the reasoning of the opinion and with the conclusion.

The demurrer is sustained. Plaintiff may amend, or if no such desire is indicated final judgment will be entered.