## PORTLAND UNIVERSITY *v.* MULTNOMAH COUNTY.

( 50 Pac. 532.)

1. CORRECTING ASSESSMENT ROLLS — EXEMPTION FROM TAXATION.— Hill's Ann. Laws, § 2782, giving county courts power to correct assessment rolls, make alterations in the description of lands, when it shall be necessary to render such description conformable to law, and make any other alterations or corrections in such roll "as it shall deem necessary to make the same conform to the requirements of this chapter," does not authorize the county court to strike property from the roll as exempt from taxation: *Oregon Steam Navigation Company* v. *Wasco County*, 2 Or. 206, followed.

2. BOARD OF EQUALIZATION — EXEMPTION.— Sections 2778 and 2779, Hill's Ann. Laws, empowering the board of equalization to increase or reduce valuations, to correct the assessment if property is assessed more than once, or in the name of a person not the owner, and to add to the roll property omitted by the assessor, do not authorize the board to determine whether property is exempt from taxation. The power of the board is limited to reviewing the assessments in the specified particulars.

3. TAXATION—ACTION OF ASSESSOR.— The action of an assessor in taxing property is not conclusive on the owner, and the question of fact whether it is exempt may be tried out in an appropriate proceeding.*

From Multnomah: HENRY E. McGINN, Judge.

Petition by the Portland University to the County Court of Multnomah County for the exemption of certain lands from taxation after they had been assessed. From an order partially granting the relief asked plaintiff appealed to the circuit court and again appeals here.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Parrish L. Willis.*

*NOTE.—In support of this ruling see note to *McLean* v. *Jephson* (N. Y.), 9 L. R. A. 493.—REPORTER.

For respondent there was a brief and an oral argument by *Messrs. Chas. F. Lord,* district attorney, and *John H. Hall.*

MR. JUSTICE WOLVERTON delivered the opinion.

In the year 1895 the Portland University was the owner of a tract of land containing two hundred and fifty and one third acres, and the college buildings thereof, all which it is alleged was used and occupied for the purposes of the institution. The assessor of Multnomah County assessed all said tract to the plaintiff, and so returned the same upon the assessment roll to the board of equalization. Application was made to the board by petition, praying that said lands be stricken from the roll as exempt from taxation upon the ground that it was the property of a literary institution within the state, and actually occupied for the purposes for which it was incorporated. The board refused the prayer of the petition in toto, whereupon the plaintiff applied to the county court for the same relief, and the court struck from the roll sixty-seven and ninety-two one-hundreth acres of said tract as exempt from assessment and taxation, and refused to disturb the assessor's return as to the balance. From this action of the court the plaintiff prosecuted a writ of review to the circuit court, and, the writ having been there dismissed, it has appealed to this court.

1. It is contended that the county court has the power to correct the assessment roll by striking therefrom all the lands of plaintiff as exempt from assessment and taxation, and that such power is derived

solely from section 2782, Hill's Ann. Laws, which is as
follows: "The county court of each county shall, at its
term in September in each year, examine the assess-
ment roll of its county, and shall have power to cor-
rect the same, make alterations in the description
of lands or other property upon such roll, when it
shall be necessary to render such description con-
formable to the requirements of this chapter; and
may make any other alterations or corrections in such
roll as it shall deem necessary to make the same con-
form to the requirements of this chapter." This sec-
tion very early received a construction by this court
in two cases to the effect that the power thus dele-
gated pertained only to formal matters, such as cor-
recting the description of lands or other property ap-
pearing upon the roll, and to such other formal
alterations and corrections as should be deemed nec-
essary to make the roll conform to the requirements
of the chapter of which it formed a part at the date of
its enactment: *Oregon Steam Navigation Company* v.
*Wasco County*, 2 Or. 206; *Rhea* v. *Umatilla County*,
2 Or. 298. The powers pertaining to the board of
equalization as now or then constituted were not
given or conferred by such chapter, and hence it was
held that the county court was not endowed there-
with, and, although the powers and duties delegated
to the board of equalization and section 2782 are now
included in the same chapter by a later revision, the
intention of the legislature at the time of the adoption
of that section must govern; and the interpretation
must be the same now as in those cases. We hold,
therefore, that the county court was without the

power, under said section, to grant the prayer of plaintiff's petition, and that the circuit court was not in error in dismissing the writ of review.

2. This view necessarily affirms the judgment of the court below, but the respondent insists that the action of the board of equalization touching the exemption claimed is final, and conclusive upon the petitioner. Whether such board had power to act in the premises depends entirely upon the interpretation of sections 2778, 2779, Hill's Ann. Laws. By these sections boards of equalization are authorized "to examine and correct the assessment rolls of their respective counties, and to increase or reduce the valuation of property assessed, in the manner hereinafter provided," which is as follows: "If it shall appear to such board of equalization that there are any lands or other property assessed twice, or in the name of a person or persons not the owner thereof, or assessed under or beyond its actual value, or any lands, lots, or other property not assessed, said board shall make the proper corrections." Statutes conferring powers of the nature here under consideration are always to be strictly construed, and it is well settled that such powers can be exercised only when expressly or by necessary implication conferred by statute. To recapitulate, the board is empowered to increase or reduce valuations; to correct the assessment if property is assessed more than once, or in the name of a person not the owner; and to add to the roll property omitted by the assessor. In the enumeration of these powers we find none authorizing the board to determine whether property is exempt from assessment and taxation, or

to review the action of the assessor in passing upon that question. The board of equalization has jurisdiction, and is authorized by the powers thus delegated, to sit and act as a board of review to correct the work of the assessors in the particulars enumerated; but further it is not authorized to act. DEADY, J., says that, in his judgment, "this board is merely a part of the machinery of assessment. No relief can be had against a mere overvaluation of property incident to the infirmity of human judgment except by an appeal to it": *California Land Company* v. *Gowen*, 48 Fed. 771–775; see, also, *Dundee Investment Company* v. *Charlton*, 32 Fed. 192. And so it is with other corrections of the rolls which it is intrusted with the power to make. But where it is without jurisdiction or authority to act in the premises, it is useless to appeal to it for relief, as its orders pertaining thereto would prove absolutely nugatory, and of no avail.

3. Touching the assessor's authority, it appears that he has no jurisdiction to assess land or other property exempt from assessment and taxation, and his action in the premises in determining that it is not used or occupied so as to bring it within the exemption is not conclusive, the fact being one on which jurisdiction depends. The question as to whether property is assessable under the statute is jurisdictional, and therefore open to inquiry, whenever the authority to make an assessment is asserted, notwithstanding the assessor has exercised his judgment thereon: *McLean* v. *Jephson*, 123 N. Y. 143 (9 L. R. A. 493, 25 N. E. 409); *In re New York Catholic Protectory*, 77 N. Y. 342; *Illinois Central Railroad Company* v. *Hodges*, 113

Ill. 323; Black on Tax Titles, §§ 142, 147. The determination of these latter questions was not necessary to the decision in this case, but there arose a dispute between counsel at the hearing whether the writ of review had been prosecuted to review the proceedings of the board of equalization or those of the county court. From the deductions here made it is apparent that in either event the writ was properly dismissed by the lower court. Whether the county court has the power, in its capacity as fiscal agent of the county or otherwise, aside from that conferred by section 2782, to abate taxes or strike property from the roll for any cause to avoid the expense of litigation or escape unjust contribution to state taxes, we have not considered, as the question was not presented, and we do not wish to be understood as having passed an opinion thereon.

AFFIRMED.