## SISTERS OF CHARITY v. WASHINGTON COUNTY BOARD OF COMMISSIONERS

Maurice O. Georges, Portland, Oregon, represented plaintiff.

Ray D. Robinett, District Attorney, Hillsboro, Oregon, represented defendant.

Decision for defendant rendered August 10, 1967.

EDWARD H. HOWELL, Judge.

These cases are before the court on two Alternative Writs of Mandamus requiring the Board of Commissioners of Washington County to consider the petitioner's claim for real property tax refunds for 1965-66 and 1966-67. The defendants' return and answer alleges that they do not have jurisdiction to allow the tax refunds.

■ The petitioner claimed a property tax exemption as a charitable institution under ORS 307.130. A claim for exemption was filed with the Washington County Assessor pursuant to ORS 311.410(3). (See also ORS 307.162). Petitioner's request for exemption was denied on the grounds that the property involved was not at that time being used for charitable purposes. Instead of appealing to the tax commission the petitioner paid the tax. Later petitioner filed claims for refunds with the defendants. The claims were filed pursuant to ORS 311.806 which provides that the county court shall refund property taxes to the taxpayer in certain instances.①

---

① "ORS 311.806. Refund of taxes on real and personal property. (1) The county court shall refund to a taxpayer, out of the general fund, taxes collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body, in the following cases:

"(a) Whenever ordered by the State Tax Commission and no appeal is taken or can be taken from the commission's order, or whenever ordered by the Oregon Tax Court or the Supreme Court and the order constitutes a final determination of the matter; or

"(b) Whenever taxes are collected against real or personal property not within the jurisdiction of the tax levying body; * * *
"* * * * *."

The Washington County Court, acting on the advice of the State Tax Commission, refused to consider the petitioner's claims for refunds because of lack of jurisdiction.

■■ ORS 307.130 gives a property taxation exemption to literary, benevolent, charitable and scientific institutions "upon compliance with ORS 307.162." The latter statute states "[B]efore any exemption from taxation * * * is allowed for any year * * *" the institution claiming the exemption shall file for such exemption with the county assessor on or before February 1 of such year. Petitioner's remedy in the case of a denial of the claim for exemption as a charitable institution is by an appeal to the tax commission pursuant to ORS 306.520. The county board of equalization and the county court are without jurisdiction to grant or deny claims for exemption as charitable organizations. *University v. Multnomah County,* 31 Or 498, 50 P 532 (1897).

■ There is no statutory authority for the county court to pass upon the petitioner's claim for an exemption in the first instance. The petitioner, however, contends that the defendants, as the Washington County Board of Commissioners, have authority under ORS 311.806, *supra,* allowing the county court to grant tax refunds in certain instances.

It is not clear from the petitions which of the grounds enumerated in ORS 311.806 are relied upon as the authority of the county court to grant petitioner's request for refunds. However, petitioner argues in its brief (1) that since the property was exempt from taxation the assessor was wrong in rejecting the claim for exemption, and (2) since the property was exempt, the taxes were collected against

"property not within the jurisdiction of the tax levying body" as stated in ORS 311.806(1) (b).

■■ The difficulty with this argument is that the property was within the jurisdiction of the tax levying body. ORS 307.030 states generally that all property "except as otherwise provided by law" is subject to assessment and taxation. ORS 307.130 granting the exemption to charitable institutions qualifies the exemption by requiring the filing of a claim for exemption. ORS 307.162. If no claim for exemption was filed the property, like all property in general, would be subject to taxation. The county had jurisdiction to tax petitioner's property until after the filing of the proper claim for exemption, the assessor allowed the exemption or until the tax commission, the Tax Court or the Supreme Court of Oregon ordered the county court to refund the taxes. The petitioner's remedy after the assessor denied the claim for an exemption was an appeal to the tax commission, the Tax Court or the Supreme Court of Oregon under the appellate procedure outlined in the statute. The petitioner abandoned any appellate review when it did not contest the assessor's denial of the exemption.

The Attorney General's Opinion No. 3712, 28 AG 120 (June 18, 1957), cited by the petitioner, is not in point. The facts there showed a void sale of county lands. The purchaser sought to recover the taxes paid. Title to the property remained in the county and consequently the property was exempt from taxation and not within the jurisdiction of the tax levying body. Under those facts the county court could refund the taxes. Here the petitioner at all times owned the property, had filed a claim for exemption but failed to secure any administrative or judicial review of the assessor's denial of the exemption.

The county court did not originally have the jurisdiction to hear and determine the petitioner's right to a property tax exemption nor does it have such jurisdiction now, long after the appeal time has expired.

The alternative writs must be dismissed.