# JIM FISHER MOTORS, INC.,
## dba JIM FISHER VOLVO
### *v.*
## DEPARTMENT OF REVENUE

Gary M. Bullock, Portland, represented plaintiff.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered March 14, 1977.

CARLISLE B. ROBERTS, Judge.

This is a "hardship" case, arising under ORS 307.475. The facts are not in dispute. Plaintiff is an automobile retailer. Following the requirements of

ORS 308.290, plaintiff filed an inventory of its unlicensed motor vehicles on hand as of January 1, 1975, in the office of the Division of Assessment and Taxation of Multnomah County, utilizing Form No. A-43.

Motor vehicles which remain unlicensed after March 31 of any year are subject to ad valorem property taxation. The ad valorem tax may be cancelled upon compliance with ORS 481.270(2) which provides:

"(2) Old or new vehicles, including campers and travel trailers, not registered and licensed under this chapter on January 1 of any year, which are being held in stock by the owner or dealer for sale or exchange, shall be reported to the county assessor by the owner and listed for ad valorem taxation but the assessor shall cancel such listing with respect to all such vehicles, except vehicles subject to taxation by ORS 481.272, upon being furnished documentary proof, not later than May 15, that the vehicles so assessed have been registered in this state and the license fees have been paid thereon not later than March 31 of the same year."

In plaintiff's sales outlet for Volvo automobiles ("Jim Fisher Volvo"), Ms. Jean Rodda was the "title clerk" who regularly prepared the report to be filed in the county's Division of Assessment and Taxation. The form, No. A-43, used for listing and reporting the January 1 vehicle inventory, is ordinarily made in multiple copies and the original, sent to the assessment officer, contains three blank columns on the right-hand side in which Oregon license information can subsequently be placed. A copy of the same form is then used for the second filing, to be made not later than May 15 (presumably with such "documentary proof" as the assessment official deems necessary). The May filing requires additional material to be inserted in the three Oregon license information columns, showing the auto license number, its tab number, and the license purchase date. Ms. Dorothy Allen, the assistant bookkeeper in Jim Fisher Volvo, was also an assistant office manager and Ms. Rodda's

superior. She had made the necessary returns under ORS 308.290 and ORS 481.270(2) or had taken the responsibility for their compilation for the prior ten years but in the early months of 1975 she was seriously ill and out of the office a great part of the time. Mr. Stokes, the office manager, designated Ms. Rodda to do the work and she completed it soon after March 31 and the completed material for the May 15 report was sent to the main office of plaintiff at 1529 S. W. Alder Street, Portland, for checking and return to Jim Fisher Volvo at 2108 W. Burnside, Portland. It could then have been filed with the assessing official but was held for a cross-checking and approval by Ms. Allen until May 14, 1975. On that date, Ms. Allen telephoned to Ms. Rodda, stating that she would not be able to come to the office and asking that Ms. Rodda get the report in the mail. Ms. Rodda on May 14, 1975, verified the report and, as she testified, "* * * handed it to Joleen, the receptionist, and 'be sure that this goes out in the mail.' "[1] What followed is a mystery but the parties agree that the completed form, postmarked May 19, 1975, on plaintiff's own postal machine, was received in the office of the Multnomah County Division of Assessment and Taxation on May 22, 1975. Under date of July 18, 1975, that office, through Mr. R. W. McBride, Chief Personal Property Appraiser, informed plaintiff by letter that the proof of licensing was not timely received "so that we regretfully inform you that we cannot cancel your vehicle assessment as you request."[2] The tax involved, in consequence of the

[1] Quoted from transcript of testimony of Ms. Jean Rodda in the hearing before the Department of Revenue, March 1, 1976, admitted by stipulation (Pl Ex 1).

[2] In its complaint, plaintiff states that it "filed a timely petition for cancellation of the assessment of unlicensed vehicles pursuant to ORS 481.270 with the Board of Equalization of Multnomah County, Oregon. By order dated July 18, 1975, the Board denied the release sought by Plaintiff. * * *" Inasmuch as a question of exemption from taxation was involved, the county board of equalization would have no jurisdiction in the matter. The power of the board is limited to determinations of value. ORS 309.038 and 309.040. *University v. Multnomah Co.,* 31 Or 498, 50 P 532 (1897). The "order" dated July 18, 1975, proved to be Mr. McBride's letter of July 18, 1975, written for the county's Division of Assessment & Taxation.

personal property remaining on the assessment and tax rolls, was $5,463.04.

Plaintiff then petitioned the Director of the Department of Revenue for relief and a hearing was held on March 1, 1976, by the Deputy Director, the question being submitted as coming within the purview of ORS 307.475. The pertinent parts of that statute read:

"(1) Any taxpayer may apply to the Director of the Department of Revenue for a recommendation that the value of certain property be stricken from the assessment roll and that any taxes assessed against such property be stricken from the tax roll on the grounds of hardship.

"(2) As used in this section, 'hardship' means a situation where property is subject to taxation but would have been exempt had there been a timely filing of a valid claim for exemption or cancellation of assessment, and where the failure to make timely application for the exemption or cancellation was by reason of good and sufficient cause.

"* * * * *

"(4) If the director, in his discretion, finds that tax relief should be granted on the grounds of hardship, he shall send his written recommendation to the assessor of the county in which the property is located. * * *"

The Deputy Director, in a letter to plaintiff's counsel dated March 11, 1976, denied relief under the "hardship" statute, the last paragraph of the letter reading as follows:

"In spite of the illness and confusion in the office, the application of cancellation of assessment would have been timely filed had the receptionist followed Ms. Rodda's instructions. The late filing was caused by the receptionist's failure to follow instructions. In my opinion, this does not constitute good and sufficient cause under the hardship statute; and relief cannot be recommended."

■■ The rule is well established that where discretion has been vested in an administrative officer by the legislature, the court's view of the officer's actions must be confined to the consideration of

[ 93 ]

whether or not the officer exercised his discretion judiciously rather than capriciously and did not arrive at a conclusion which was clearly wrong. *Pratum Co-Op Whse. v. Dept. of Rev.,* 6 OTR 130 (1975). A court which has jurisdiction of an appeal from a discretionary judgment of an administrative agency, which was submitted without a record, may take evidence on the question of the agency's jurisdiction and whether it acted upon sufficient evidence. *Rogue River Pack. v. Dept. of Rev.,* 6 OTR 293 (1976). In the present suit, the court has taken jurisdiction and has heard evidence but finds no abuse of discretion on the part of the administrative agency's Deputy Director.

█ This court does not have the power to substitute its judgment for that of the Director of the Department of Revenue (or his deputy) in matters placed by the Legislative Assembly exclusively within the Director's discretion. Accordingly, the defendant's decision of March 11, 1976, denying a recommendation for relief of the plaintiff under ORS 307.475, is affirmed, and defendant is awarded its statutory costs.