IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| COVENANT PRESBYTERIAN CHURCH, A MEMBER CONGREGATION OF THE PRESBYTERY OF THE CASCADES, | ) ) ) ) | |
| Plaintiff, | ) ) | TC-MD 250545R |
| v. | ) ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **ORDER** |

This matter is before the court on Defendant's Partial Motion to Dismiss (Motion) filed March 19, 2026. Plaintiff filed its response on April 1, 2026, and oral argument was held on April 3, 2026. The matter is ready for disposition.

A.    *Background*

Plaintiff owns real property identified as Account R338587 (subject property), which was exempt from property taxation under ORS 307.140 as property of a religious organization. (Compl at 1.) Defendant mailed Plaintiff a Notification of Status Change dated July 2, 2025 (Notice), stating that 19.894 percent of the subject property would become taxable beginning with the 2025-26 tax year because "[t]he use of the property no longer qualifies in accordance with ORS 307.140." *(Id*. at 2.) Plaintiff appealed to this court on September 25, 2025, initially challenging only the partial disqualification. (*Id*. at 1.) On March 3, 2026, Plaintiff amended its Complaint to also challenge the real market value (RMV) of the subject property. (Am Compl at 4.)

Defendant's Motion seeks dismissal of Plaintiff's RMV claim. Defendant does not dispute that Plaintiff timely appealed the partial disqualification. Defendant argues instead that

ORS 305.275(3) required Plaintiff to first petition the Property Value Appeals Board (PVAB) under ORS 309.100 before seeking Tax Court review of the RMV of the subject property. (Def's Mot at 2.)

B.    *Analysis*

The issue is whether a taxpayer who timely appeals a mid-year partial disqualification from a property tax exemption directly to this court may litigate the RMV of the disqualified portion in the same proceeding, or whether the RMV issue must first proceed through PVAB.

1.    *Disqualification from exemption*

Appeals from a county assessor's disqualification from a property tax exemption must be brought to the Tax Court within 90 days.  ORS 305.280.[1]  There is no dispute that Plaintiff's Complaint was timely filed as to that issue.

2.    *RMV appeals*

To appeal a property's roll value, a taxpayer must first file a petition with PVAB by December 31 of the relevant tax year.  ORS 309.100; ORS 305.275(3).  PVAB convenes on or after the first Monday in February of each year and must complete its work and adjourn no later than April 15.  ORS 309.026(1).  An appeal from a PVAB order must be filed in the Tax Court within 30 days after the applicable mailing or notice date.  ORS 305.280(4).

3.    *The timing problem*

The two statutory schemes do not operate on the same timetable, and that creates a practical problem in cases like this one.  The July 2, 2025, disqualification Notice triggered a direct appeal right; Plaintiff had to file in the Tax Court within 90 days to preserve the exemption

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

issue. At that time, however, the ordinary PVAB petition period for the 2025-26 roll had not yet opened. A PVAB petition could have been filed later in the year and heard when the board convened in February 2026 and adjourned by April 15, 2026.

Defendant's reading of the statutes would require Plaintiff to pursue two separate proceedings on separate timetables—one in this court to challenge the disqualification, and one before PVAB to preserve the RMV issue—both arising from the same July 2, 2025, Notice. That procedure is awkward and fragmented. The question, therefore, is whether the statutes should be read to compel that result.

4.    *Resolution*

Defendant's Motion turns on how Plaintiff's RMV claim is characterized. If Plaintiff were challenging only the subject property's annual roll value, it would ordinarily be required to petition PVAB under ORS 309.100 before seeking Tax Court review, as ORS 305.275(3) would bar a direct appeal. But Plaintiff did not initiate this case as an ordinary roll-value appeal. Plaintiff timely appealed the July 2, 2025, Notice partially disqualifying the subject property from exemption. That disqualification issue is properly before this court under ORS 305.280, and Defendant does not contend otherwise.

Defendant's July 2, 2025, Notice did not merely place a value on the annual roll, it also determined that a portion of the subject property would no longer be exempt. Plaintiff was required to challenge that disqualification directly in this court within the applicable 90-day period.

PVAB does not have the authority to decide whether the subject property, or a portion of it, qualified for exemption under ORS 307.140. *See Sisters of Charity v. Washington County*

*Board of Commissioners*, 3 OTR 106, 108 (1967) (stating PVAB[2] is "without jurisdiction to grant or deny claims for exemption").

The narrower question is whether Plaintiff must separately petition the related RMV issue to PVAB, even though that issue becomes relevant *only if* Defendant's partial disqualification is sustained. The court concludes that ORS 305.275(3) does not require that result. Two distinct appeal paths exist under the statutes. Ordinary annual value disputes generally begin with PVAB, while challenges to certain assessor acts, orders, omissions, or determinations may proceed directly to this court when no other statutory right of appeal is available. This court has previously described that distinction in *River Vale Limited Partnership v. Department of Revenue*, 24 OTR 468 (2021), differentiating the regular annual property tax valuation process from the all-purpose process for appealing an act, omission, order, or determination of a tax official. In *River Vale*, the court explained that ORS 305.275 provides a direct path to the Tax Court when a taxpayer challenges an "act, omission, order, or determination" of an assessor for which no other statutory review mechanism exists. *Id*. at 480. That structural distinction is important here. As in *River Vale*, Plaintiff's grievance arises from an assessor determination that PVAB lacks authority to review—in this case, the partial disqualification from exemption. Because PVAB cannot adjudicate the predicate determination giving rise to the dispute, *River Vale* confirms that the Tax Court is the proper initial forum, and that the court may decide the related valuation issue that necessarily flows from the disqualification.

That the two concepts—exemption and value—are distinct does not end the analysis. The statutory consequences of disqualification make value relevant in a way that differs from an ordinary annual RMV appeal. Under ORS 308.156, when property is disqualified from

---

[2] At the time the board was called the county board of equalization.

exemption, partial exemption, or special assessment, the maximum assessed value calculation depends in part on "the real market value of that portion of the property" affected by the disqualification, multiplied by the applicable ratio. ORS 308.156(5)(b). Thus, if Defendant's partial disqualification is sustained, the amount of taxable value attributable to the disqualified portion may depend on the RMV of that portion.

Plaintiff is not asking the court, in the abstract, to determine the subject property's annual RMV before the ordinary roll process occurs. Plaintiff is challenging the tax consequences of a specific partial disqualification that is already before the court. The RMV issue is contingent on the predicate disqualification issue.

ORS 305.275(3) does not require dismissal because Plaintiff did not have a PVAB remedy for the grievance actually asserted. At the time Plaintiff was required to appeal the July 2, 2025, disqualification Notice, the ordinary PVAB petition period for the 2025-26 roll had not yet opened. More importantly, even after the period opened, PVAB could not decide the predicate disqualification issue. Requiring Plaintiff to pursue PVAB review of value while the exemption issue proceeds separately in this court would divide one dispute into two tracks, with the valuation issue dependent on the outcome of the exemption issue. The court does not read ORS 305.275(3) to require that fragmented result.

C. *Conclusion*

Plaintiff timely appealed Defendant's partial disqualification determination. Plaintiff's RMV claim is not an independent attempt to bypass PVAB review of an ordinary annual roll value, but rather is a contingent valuation issue tied to the tax consequences of the same disqualification determination already before the court. Because PVAB could not decide the predicate exemption issue and could not provide relief for the grievance asserted here, ORS

305.275(3) does not require dismissal of the RMV claim.  For the foregoing reasons,

Defendant's Motion must be denied.  Now, therefore,

IT IS ORDERED that Defendant's Partial Motion to Dismiss is denied.

_____
RICHARD D. DAVIS
MAGISTRATE

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

***This document was signed by Magistrate Richard D. Davis and entered on May 15, 2026.***